516 A.2d 763

**JOYCE & ASSOCIATES, Appellee,**

v.

**Anthony J. PIVIROTTO and Robert Woods, d/b/a Pivirotto and Woods, a partnership, Appellants.**

Superior Court of Pennsylvania.

Argued March 24, 1986.

Filed Oct. 22, 1986.

Stephen Israel, Pittsburgh, for appellants.

John H. Smith, Pittsburgh, for appellee.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

This is an appeal from an order imposing sanctions because of defendants' failure to comply with a discovery order entered by the trial court. Because the sanction order is interlocutory, we quash the appeal.

Joyce & Associates commenced an action to recover the sum of $18,905.00 which was allegedly owed by Anthony J. Pivirotto and Robert Woods, d/b/a Pivirotto and Woods, for accounting services. The named defendants thereafter filed an answer which contained new matter and also a counterclaim. Joyce & Associates then served upon the defendants a set of interrogatories and a request for the production of certain documents. Pivirotto and Woods failed to respond. Upon motion thereafter filed by Joyce & Associates, the trial court entered an order directing Pivirotto and Woods to file answers to interrogatories no later than April 15, 1985 and also to respond to the motion for the production of documents. The defendants' default continued. Therefore, on April 26, 1985, the trial court im-

posed sanctions upon Pivirotto and Woods which precluded them from offering at trial any documents or testimony which, in violation of the court's order, they had failed or refused to furnish during the discovery conducted by the plaintiff.

■ The Supreme Court, in *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978) admonished that "whenever possible, [appellate] review must await the determination of a suit notwithstanding any resulting inconvenience to a party." *Id.*, 483 Pa. at 75, 394 A.2d at 546. In acknowledgement of this admonition and in reliance thereon, the Superior Court announced, in *McManus v. Chubb Group of Insurance Companies*, 342 Pa.Super. 405, 493 A.2d 84 (1985), that "[a]s a general rule, this Court will not provide interim supervision of discovery proceedings conducted in connection with litigation pending in the several trial courts. In the absence of unusual circumstances, we will not review discovery or sanction orders prior to a final judgment in the main action." *Id.*, 342 Pa.Superior Ct. at 410, 493 A.2d at 87.

■ There are no unusual circumstances recommending interim review in this case. The issues of liability and the amount of damages sustained remain open and unresolved. Pivirotto and Woods have not been prevented from defending the claim made against them by Joyce & Associates. Similarly, they have not been prevented from proving their counterclaim. The trial court's sanction order does no more than to restrict the evidence which they may offer at trial. Such an order is interlocutory; an appeal therefrom will not lie.

Appeal quashed.

DEL SOLE, J., files a concurring opinion.

DEL SOLE, Judge, concurring:

While they join the decision of my colleagues in quashing the appeal in this case, I would also point out that an additional ground for the quash could be found in our

court's decision in *Elderkin v. Sedney,* 354 Pa.Super. 253, 511 A.2d 858 (1986).