611 A.2d 1280

**Michael S. HUTCHISON, Jr., an Incompetent, by Mary J. HUTCHISON, Parent & Natural Guardian, and Mary J. Hutchison, and Michael Hutchison, Individually,**

**v.**

**Father Francis LUDDY, St. Therese's Catholic Church, St. Therese's Elementary School, Bishop James Hogan and Diocese of Altoona–Johnstown.**

**Appeal of ST. THERESE'S CATHOLIC CHURCH, St. Therese's Elementary School, Bishop James Hogan and Diocese of Altoona–Johnstown.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1991.

Filed July 2, 1992.

94

96

Maria Zulick, Pittsburgh, for appellant.

Richard M. Serbin, Altoona, for Hutchison, appellee.

Scott E. Henderson, Pittsburgh, for Pittsburgh Press, intervenor.

Before CAVANAUGH, BECK, and KELLY, JJ.

KELLY, Judge:

In this opinion, we are called upon to determine whether a trial judge currently presiding in the same case could reconsider and reverse an order issued by a predecessor which imposed a seal upon the record. We are also called upon to determine whether the succeeding trial judge properly denied the appellants', St. Therese's Catholic Church's, St. Therese's Elementary School's, Bishop James Hogan's, and the Diocese of Altoona–Johnstown's, motion for the imposi-

tion of sanctions[1] against the appellees, Michael S. Hutchison, Jr., Mary J. Hutchison, and Michael Hutchison, for violating the sealing order before its removal by the trial court. We affirm in part and reverse in part the portion of the trial court's order removing the seal and quash the portion of the appellants' appeal which pertains to the trial court's order denying the appellants' motion for the imposition of sanctions against the appellees.

The relevant facts and procedural history of this case are as follows. On June 23, 1987, the appellees, Michael S. Hutchison, Jr., an incompetent, Mary J. Hutchison and Michael Hutchison, guardians and his parents, praeciped for the issuance of a writ of summons against the appellants. The writ of summons was duly served upon the named defendants by the sheriff of Blair County. On November 25, 1987, the appellees commenced discovery by serving upon the named parties a request for the production of documents and interrogatories upon all the defendants. The appellants filed a praecipe for a rule to file a complaint on December 14, 1987.

On December 23, 1987, the appellants filed a motion for an order of the court to seal the record. The motion was granted by Senior Judge William W. Lipsitt, who was specially presiding. The order entered by Judge Lipsitt decreed that all pleadings filed to date and any pretrial discovery was to be sealed and access to the record prohibited to anyone without further order of the court. The order further stated that the appellees must notify the appellants one day before filing their complaint in order to permit the appellants to seek a further order sealing the record.

On December 31, 1987, the Honorable R. Bruce Brumbaugh issued a rule to show cause why the seal should not be continued. A hearing date was set for January 4, 1988. Oral argument on the motion to continue the seal was heard by Judge Brumbaugh at which all parties to the lawsuit

---

1. Although Father Francis Luddy is a named party in the caption of this case, he has not joined the defendants' appeal of the trial court's order removing the seal and denying sanctions against the appellees.

participated. As a result of the hearing, Judge Brumbaugh temporarily continued the stay and ordered the appellees to withhold filing their complaint for ten days while he took the motion for continuation of the seal under advisement. On January 13, 1988, Judge Brumbaugh issued an order extending the seal to all pretrial discovery and all pleadings or other documents, heretofore or hereafter, to be possessed by the parties and filed until either further order of the court or the actual commencement of trial, whichever should occur first.[2]

The appellees subsequently filed their ten count complaint. The first three counts of the complaint assert that Father Luddy sexually abused Michael Hutchison, Jr. on numerous occasions, causing the child to suffer extreme mental anguish necessitating extensive psychiatric medical care for which Father Luddy should be held liable. The next four counts of the complaint assert the appellants were jointly and severally liable to Michael Hutchison, Jr. for his damages caused by Father Luddy's alleged sexual abuse by failing to properly supervise the activities of their

2. The full text of the January 13, 1988 order sealing the record is as follows:

### ORDER

AND NOW, this 13th day of January, 1988, upon careful consideration of a defense motion to continue a sealed record in the above-captioned matter, oral argument thereon of all record counsel presented to this judge in chambers on January 4, 1988, review of the briefs originally submitted to the Honorable William W. Lipsitt, Senior Judge, Specially Presiding relative to the original motion to seal granted by this December 23, 1987 Order and our reading of the complaint, based upon the law which we believe applicable thereto it is ORDERED, DIRECTED AND DECREED that the prayer of said motion be and the same is hereby granted and accordingly:

(1) the aforesaid Order of Judge Lipsitt is hereby confirmed and continued; and

(2) all pretrial discovery and all pleadings or other documents, whether heretofore or hereafter to be had and filed, shall be and remain sealed of record, with access thereto or release in any form or manner of any of the content thereof by or to anyone strictly prohibited until further order of court or the time of actual commencement of trial, whichever shall first occur.

It is neither the design nor the intent of this order either to impede the rights of the respective parties to full and complete discovery or to bar the public from trial of this case.

agent and/or employee, Father Luddy, and for placing Father Luddy in a position of responsibility over children when they allegedly knew of his purported sexual proclivity toward young male children. Finally, in counts eight through ten, the appellee-parents assert that Father Luddy and the appellants should be held liable for the medical expenses the appellee-parents have incurred and will continue to incur for their son's treatment, the severe emotional distress the appellee-parents suffered as a result of Father Luddy's alleged sexual abuse of their child, and finally, that Father Luddy and the appellants breached their fiduciary and contractual duty to the appellee-parents after accepting valuable consideration from the appellee-parents to provide their child the appropriate religious, moral, and educational training.

On January 25, 1988, the appellants filed preliminary objections to the appellees' complaint. Father Luddy subsequently filed his own preliminary objections on February 11, 1988, which were followed by appellees' preliminary objections to the appellants' preliminary objections. All parties' preliminary objections remain pending at this time.

On October 20, 1988, the Pittsburgh Press Company petitioned to intervene in order to open the proceedings. In the petition, the Pittsburgh Press Company requested an order from the court providing the press and the public with access to all pleadings and other matters of record and the opening of all proceedings to the public.[3] The appellants

3. Eight days after the Pittsburgh Press Company filed its petition to intervene and open the proceedings, the alleged victim's brother, Samuel C. Hutchison, filed a civil suit in Somerset County against Father Luddy alleging that he was also sexually abused by Father Luddy. The Somerset County lawsuit also named Bishop Hogan, and the Diocese of Altoona–Johnstown, as defendants, together with several other parties who were not named as defendants in the Blair County action brought by the appellees. The defendants in Somerset County, excluding Father Luddy, Cardinal John Krol, and the Archdiocese of Philadelphia, filed a motion to seal the record. In their motion for a seal, the movant-defendants claimed that without a seal, it would be impossible for them to obtain a fair and impartial jury and a fair and impartial trial. The movant-defendants further alleged in their motion to seal that failure to seal the record would result in

filed an answer opposing the Pittsburgh Press Company's petition to intervene and open proceedings. Father Luddy filed a petition to intervene in his capacity as a criminal defendant awaiting trial and joined the appellants' answer opposing the intervention of the Pittsburgh Press Company. The appellees filed an answer in which they joined the Pittsburgh Press Company's petition to intervene and open the proceedings and opposed Father Luddy's petition to intervene in his capacity as a criminal defendant [4] because his rights were already protected by virtue of being a party to the suit and through his representation by counsel.

On December 13, 1988, a hearing on the Pittsburgh Press Company's petition to intervene and to open the proceedings was held before Judge Brumbaugh. At the hearing, Judge Brumbaugh, before leaving judicial office on January 1, 1990, granted the Pittsburgh Press Company intervenor status; however, Judge Brumbaugh never rendered a decision on the portion of the petition which requested the opening of the proceedings and the unsealing of the record.

While the petition to open the proceedings remained pending before Judge Brumbaugh, discovery in the case continued. On November 18, 1988, the appellants filed a motion

irreparable prejudice and harm to the rights of the defendants, their good names, reputations, and standing in the community. The motion was opposed by the Pittsburgh Press Company who filed a petition to intervene asserting that on the basis of the first amendment to the United States Constitution, it possessed a right of access to all materials sought to be sealed. The trial court denied the movant-defendants' motion to seal with certain limited exceptions regarding discovery material directed toward the criminal defendant, Father Luddy. This Court affirmed in part and reversed in part holding that the trial court properly permitted the Pittsburgh Press Company to intervene for the purposes of attempting to gain access to the pleadings and pretrial proceedings, but abused its discretion in allowing the Pittsburgh Press Company to intervene in order to oppose the Motion to Seal insofar as it related to discovery matters. *Hutchison v. Luddy*, 398 Pa.Super. 505, 518, 581 A.2d 578, 584 (1990) (Beck, J., concurring and dissenting). This Court's decision was subsequently reversed by the Supreme Court in a *Per Curiam* Order. *See Hutchison v. Luddy*, 527 Pa. 525, 594 A.2d 307 (1991).

4. Father Luddy is criminal defendant in Somerset County. The case has been transferred to Franklin County as a result of Father Luddy's motion for change of venue.

for the imposition of sanctions pursuant to Pa.R.C.P. 4019
contending the appellees' counsel violated the Blair County
seal by incorporating into the Samuel C. Hutchison's Somer-
set County complaint against Father Luddy and the appel-
lants' excerpts from a 1975 letter written by Monsignor
Thomas Madden to Bishop Hogan regarding instances of
Father Luddy's unpriestly behavior discovered in the Blair
County lawsuit.

On May 7, 1990, the appellants filed for an order of the
court preventing further disclosure and violation of sealing
orders and for imposition of appropriate sanctions. In their
motion, the appellants alleged that appellees' counsel once
again made use of matters discovered as a result of the
deposition of Bishop Hogan in the Blair County lawsuit
when counsel filed a supplemental affidavit in support of a
motion for protection of discoverable documents from de-
struction in the unsealed Somerset County lawsuit. The
appellants further alleged that appellee's counsel's violation
of the Blair County sealing order resulted in the publishing
of a newspaper article in the Pittsburgh Press on April 29,
1990, which portrayed the appellants unfavorably. The
appellants requested that appellees' counsel be required to
pay the appellants' attorney fees for the preparation of
their motion to prevent further disclosure and violation of
sealing orders and be precluded from utilizing any portion
of Bishop Hogan's deposition for any purposes in the Blair
County lawsuit.

On May 29, 1990, the appellees filed a motion for recon-
sideration of the court's order of January 13, 1988, sealing
the record. In their motion, the appellees contended that
reconsideration of the January 13, 1988 order sealing the
record was warranted due to changed circumstances not
anticipated by Judge Brumbaugh when the order sealing
the record was entered. The appellees argued that Judge
Brumbaugh could not possibly have been aware at the time
he issued the order sealing the record that a complaint
would be filed in another county alleging that Father Luddy
had also molested another member of the Hutchison family,

and that the appellants were negligent for failing to know of his alleged propensity to sexually molest children. The appellees further argued that the sealing order was burdening the discovery process in the unsealed Somerset County lawsuit as it required the complete duplication of discovery to matters that were discovered in the sealed Blair County lawsuit which were also pertinent in the Somerset County lawsuit.

On June 13, 1990, the trial court held oral argument on the appellants' motion for the imposition of sanctions and the appellees' motion for reconsideration of the January 1, 1988 sealing order.[5] Shortly thereafter, the appellees filed a motion for compliance and to dismiss objections of defendant Bishop Hogan to plaintiffs' request for admissions. The appellants filed an answer; argument on the motion was then held before Judge Grine. Subsequently, on October 22, 1990, Judge Grine entered two orders. The first order entered removed the seal and denied the appellants' motion for the imposition of sanctions. The second order entered granted the appellees' motion for compliance for request of admissions. The appellants filed a petition for emergency relief with the President Judge of Blair County, Thomas Peoples, Jr., requesting a stay from the October 22, 1990 order unsealing the record. The appellants' petition for emergency relief was assigned by President Judge Peoples to Judge Hiram A. Carpenter, III because Judge Grine was unavailable. On October 24, 1990, Judge Carpenter entered an amended order which stayed both of the October 22, 1990 orders and directed that the record continue to be sealed. The appellees then filed a motion for reconsideration of the October 24, 1990 amended order. Judge Carpenter then entered an order which canceled the stay on the Judge Grine's October 22, 1990 order granting

5. The Pittsburgh Press Company, whom had previously been granted intervenor status by Judge Brumbaugh and whose petition to open the proceedings, which was joined by the appellees, was still pending before the trial court, was not notified of appellees' motion to reconsider the January 13, 1988 order sealing the record and did not participate in the oral argument of this motion.

the appellees' motion for compliance to the request for admissions, but continued the stay of Judge Grine's October 22, 1990 order unsealing the record. This timely appeal followed.

On appeal, the appellants raise two issues for our review:

1. DID THE TRIAL COURT IMPROPERLY UNSEAL THE PRETRIAL RECORD, BECAUSE THE "RECONSIDERATION" MOTION THEREFOR [sic] WAS UNTIMELY AND COLLATERALLY ATTACKED THE SEAL ORDER, THE TRIAL COURT REVERSED OR OVERRULED AN ORDER OF A COORDINATE MEMBER OF THE COURT, THE RECONSIDERATION REQUEST CONSTITUTED "JUDGE SHOPPING," AND THE COURT MISINTERPRETED THE AUTHORITY ON WHICH IT ERRONEOUSLY RELIED?

2. DID THE TRIAL COURT IMPROPERLY DENY SANCTIONS FOR VIOLATION OF THE SEAL ORDER, INTACT WHEN THE VIOLATION OCCURRED, WHERE THE VIOLATING PARTIES HAD TAKEN NO TIMELY, PROCEDURAL CHALLENGE TO THAT SEAL, THE COURT WHERE THE VIOLATION OCCURRED FOUND *PRIMA FACIE* EVIDENCE THEREOF, AND THE VIOLATION RISKED THE INJURY TO A FAIR, OPEN TRIAL, WHICH THE SEAL ORDER HAD PROTECTED?

(Appellants' Brief at 2).

However, before we may address the issues raised by the appellants in this appeal, we must first dispose of the appellees' motion to quash this appeal. In their motion to quash this appeal, the appellees contend that our Supreme Court's issuance of a *per curiam* order in *Hutchison v. Luddy*, 527 Pa. 525, 594 A.2d 307 (1991), which reversed this Court's decision in *Hutchison v. Luddy*, 398 Pa.Super. 505, 581 A.2d 578 (1991), precludes our review of any order granting or denying a motion to seal the record. The appellees argue that because the order directing the removal of seal is not a final order, as it neither ends the litigation

nor disposes of the entire case, we are prohibited under our Supreme Court's *per curiam* order from reviewing the order until a final judgment is rendered in the entire case. The appellees assert that because the order directing the removal of the seal is not appealable at this time, the appellants' appeal must be quashed. We disagree.

We find the appellees' reliance upon the Supreme Court's *per curiam* order issued in *Hutchison v. Luddy, supra,* to be misplaced. We believe that the Supreme Court's *per curiam* order's reversal of this Court's decision in the Somerset County lawsuit was because our decision permitted an appeal from an order denying the motion to seal the record before discovery in the case had actually commenced. Undoubtedly, the Supreme Court, through its issuance of a short *per curiam* order, agreed with the position taken by the trial judge in the Somerset County lawsuit, the Honorable Eugene E. Fike, II and the Honorable Phyllis W. Beck, in her concurring and dissenting opinion in *Hutchison v. Luddy, supra,* that as discovery had not actually begun, the trial court's refusal to issue an order sealing the record with regard to discovery was not ripe for appellate review under the "collateral order" exception to final judgment rule because no party was aggrieved by the order at the time the appeal was taken. It is our belief that had the Supreme Court intended to preclude any appellate review of all collateral orders concerning seals it would have made a general pronouncement to that effect in its *per curiam* order reversing this Court's decision in *Hutchison v. Luddy, supra.* Rather, the Supreme Court used language in its *per curiam* order which would seem to limit its *per curiam* order specifically to this Court's decision in that particular case.[6] *See In Re Subpoena To*

6. The full text of the Supreme Court's *per curiam* issued in *Hutchison v. Luddy, supra,* is as follows:

ORDER

PER CURIAM.

The Petition for Allowance of Appeal is granted. The Order of Superior Court entered on August 27, 1990 at No. 339 Pittsburgh 1989, 398 Pa.Super. 505, 581 A.2d 578 is REVERSED insofar as it reversed the trial court's denial of Motion to Seal Record with respect to

*Testify Before Grand Jury,* 864 F.2d 1559 (11th Cir.1989) (collateral order doctrine gave Court of Appeals jurisdiction from closure order that restrained counsel and parties from disclosing content of pleadings and memoranda filed in connection with grand jury investigation); *Federal Sav. & Loan Ins. Corp. v. Blain,* 808 F.2d 395 (5th Cir.1987) (appeal permitted from trial court's order directing the removal of a previously imposed seal); *Bank of America Nat. Trust v. Hotel Rittenhouse,* 800 F.2d 339 (3rd Cir. 1986) (appeal permitted from the denial of the appellant's motion to unseal record); *Matter of Continental Illinois Securities Litigation,* 732 F.2d 1302 (7th Cir.1984) (appeal permitted under the "collateral order" exception to the final judgment rule from an order requiring disclosure of previously sealed documents). *Compare H.L. Hayden Co. v. New York v. Siemens Medical,* 797 F.2d 85 (2nd Cir.1986) (order denying modification of protective order was not a final order for purposes of appeal, nor within "collateral order" doctrine). *Cf. Katz v. Katz,* 356 Pa.Super. 461, 514 A.2d 1374 (1986), *appeal denied,* 515 Pa. 581, 527 A.2d 542 (1987). (This Court allows an appeal from a collateral order directing public hearings in an equitable distribution using *Cohen v. Beneficial Industrial Loan Corp., supra,* analysis.)

■ However, we are presented here with an entirely different procedural posture than was presented to this Court and our Supreme Court in the Somerset County lawsuit. Here, the parties had been subject to the conditions of the January 13, 1988 sealing order until its removal on October 22, 1990. Extensive discovery had already been conducted by the parties and filed pursuant to the seal. Therefore, unlike the appellants in the Somerset County

discovery. *That Order* was not final and, therefore, not appealable. *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978). *See also Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

All other aspects of the Petition for Allowance of Appeal are hereby DENIED.

(Emphasis added).

lawsuit, it is possible for these appellants to be aggrieved by the trial court's issuance of an order unsealing the record. Thus, we find that we are permitted under the circumstances of this case to apply the "collateral order" exception to the final judgment rule test set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and adopted by our Supreme Court in *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975) to determine the appealability of the trial court's order directing the removal of the seal.

 Under *Cohen v. Beneficial Industrial Loan Corp.*, *supra*, an order which is separable from and collateral to a cause of action may become appealable under certain circumstances. *Katz v. Katz, supra*. These circumstances, all of which must be present, are as follows: 1) the order appealed must be separable from, and collateral to the main cause of action; 2) the right involved is too important to be denied review; 3) the question presented is such that if review is postponed until a final judgment is rendered in the case, the claimed right will be irreparably lost. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978); *Kronz v. Kronz*, 393 Pa.Super. 227, 574 A.2d 91 (1990); *Beasley v. Beasley*, 348 Pa.Super. 124, 501 A.2d 679 (1985).

Instantly, the order of the trial court removing the seal on the record is separable and collateral to the basic question of whether Father Luddy and the appellants are liable to the appellees for their damages. Thus, the first step has been met. Second, the rights which the appellants assert, *i.e.* their right to a fair and impartial civil trial, *see P.G. Publishing Co. v. Commonwealth by District Attorney* 389 Pa.Super. 86, 566 A.2d 857 (1989), and the prevention of the disclosure to the public of private pre-trial discovery materials, *see Stenger v. Lehigh Valley Hosp. Center*, 382 Pa.Super. 75, 554 A.2d 954 (1989), are too important to be denied review. Finally, if review is postponed until after a final judgment rendered on the question of Father Luddy's and the appellants' liability to the appellees, the opportunity to provide the appellants with a fair trial and prevent the

disclosure of private pre-trial discovery materials to the general public will have disappeared. Thus, we find that all three prongs of the *Cohen* test have been fulfilled. Therefore, this Court possesses subject matter jurisdiction over this appeal. Accordingly, the appellee's motion to quash this appeal is denied.

Next, we turn our attention to the procedural questions raised by the appellants in their first issue on appeal. In their first issue, the appellants contend that Judge Grine's October 22, 1990 reversal of Judge Brumbaugh's January 13, 1988 sealing order was improper. The appellants argue that the appellees' motion for reconsideration of the January 13, 1988 sealing order was untimely pursuant to Pa. R.A.P. 903, and 1701 because the petition for reconsideration was filed more than thirty day after the entry of the January 13, 1988 sealing order. The appellants further argue that Judge Grine erred in reversing Judge Brumbaugh's January 13, 1988 sealing order under the well-recognized principle that one trial judge should not overrule an order issued by another trial judge in the same case. The appellants assert that because Judge Grine has cited no change in the law regarding the sealing of a record or changed circumstances warranting the removal of Judge Brumbaugh's January 13, 1988 sealing order, the order could not be subsequently overruled by Judge Grine. We disagree.

A court has inherent power to reconsider its own rulings. *Atlantic Richfield Co. v. J.J. White,* 302 Pa.Super. 276, 448 A.2d 634 (1982). The statute limiting the time for reconsideration of orders to thirty days applies only to final, appealable orders. *Daywalt v. Montgomery Hosp.* 393 Pa.Super. 118, 573 A.2d 1116 (1990); *Commonwealth v. McMillan,* 376 Pa.Super. 25, 545 A.2d 301, (1988) *order affirmed* 523 Pa. 426, 567 A.2d 1043 (1990); 42 Pa.C.S.A. § 5505. Where an order does not effectively place the litigant out of court or end the lawsuit, it is within the trial court's discretion to entertain a motion to reconsider the interlocutory order outside the thirty day time limit set

forth in 42 Pa.C.S.A. § 5505. *See generally Golden v. Dion & Rosenau,* 410 Pa.Super. 506, 509, 600 A.2d 568, 569 (1991).

■ Instantly, Judge Brumbaugh's January 13, 1988 order sealing the record stated that the record was to remain sealed either "... until further order of court or the time of actual commencement of trial, whichever shall first occur." Thus, the January 13, 1988 sealing order itself left the door wide open for the appellees to file a motion for reconsideration of the sealing order at a later date. Accordingly, we find that the appellants' contention that the trial court lost its jurisdiction to reconsider the sealing order at the expiration of the thirty day time period set forth in 42 Pa.C.S.A. § 5505 to be without merit.

■ Next, we will proceed to address the appellant's argument that Judge Grine did not have the authority to overrule the order issued by his predecessor, Judge Brumbaugh, sealing the record. It is a well recognized principle that "... judges of coordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other." *Golden v. Dion & Rosenau, supra,* 600 A.2d at 570 (1991) (*quoting Okkerse v. Howe,* 521 Pa. 509, 516, 556 A.2d 827, 831 (1989)). The purpose of this rule is to ensure a degree of pretrial finality "so that judicial economy and efficiency can be maintained." *Salerno v. Philadelphia Newspapers, Inc.,* 377 Pa.Super. 83, 87, 546 A.2d 1168, 1170 (1988) (*quoting Commonwealth v. Eck,* 272 Pa.Super. 406, 409, 416 A.2d 520, 522 (1979)). However, this rule is not absolute as there are times when a judge cannot avoid placing himself or herself in such a position due to the death, retirement, or expiration of the judicial commission of his or her predecessor. *See Duffy v. Gerst,* 286 Pa.Super. 523, 531, 429 A.2d 645, 650 (1981). Thus, where a successor judge is asked by a timely and proper motion to reconsider the legal conclusion of an unavailable predecessor, he or she is empowered to reconsider those issues to the same extent that his or her predecessor could have. *U.S. Gypsum Co. v. Schiavo Bros. Inc.,* 668 F.2d 172

110

(3d Cir.1981), *cert. denied,* 456 U.S. 961, 102 S.Ct. 2038, 72 L.Ed.2d 485 (1981); *Degregorio v. O'Bannon,* 86 F.R.D. 109 (1980).

■ Such a situation has occurred instantly as Judge Brumbaugh was no longer available to hear the appellees' motion for reconsideration of the sealing order due to his departure from judicial office. Thus, the appellees' right to try to persuade the court that it erred when it issued the sealing order will not be denied simply because the trial judge who issued the order had departed from judicial office at the time the appellees requested reconsideration. *See U.S. Gypsum Co. v. Schiavo Bros. Inc., supra.* Therefore, the motion for reconsideration was properly before Judge Grine, and the issue before this Court is not whether Judge Grine was precluded from reconsidering the sealing order, but rather whether upon reconsideration, Judge Grine properly ordered the seal removed.

■ Moreover, where new evidence is placed on the record in the interim between the first trial judge's ruling and the second trial judge's reassessment, it is not improper for the second trial judge to reach a result different than the result reached by his or her colleague where the later result is based upon new evidence. *Gabovitz v. State Auto Ins. Assn.,* 362 Pa.Super. 17, 21 n. 2, 523 A.2d 403, 405 n. 2 (1987), *appeal denied,* 516 Pa. 634, 533 A.2d 92 (1987); *Melendez by Melendez v. City of Philadelphia,* 320 Pa.Super. 59, 62 n. 2, 466 A.2d 1060, 1062 n. 2 (1983).

■ Instantly, the record is replete with evidence of how circumstances had changed since Judge Brumbaugh's issuance of the January 13, 1988 order sealing the record. At the time the order sealing the record was issued, there was no action pending in Somerset County which involved similar allegations by a member of the appellees' family, who is also represented by the same counsel, against many of the same defendants that are also defendants in this lawsuit. Nor was Judge Brumbaugh cognizant at the time he issued the order sealing the record that it was going to

impede the discovery process in both cases. Judge Brumbaugh could not have conceived at the time he issued the order sealing the record that a serious controversy would arise on the question of whether matters discovered in one lawsuit could be used in the other lawsuit or whether the discovery would have to be duplicated in order to be used in the other lawsuit. In fact, it was Judge Brumbaugh's express intention when he issued the order sealing the record that the rights of the parties to full and complete discovery not be impeded. (*See* January 13, 1988 Order sealing the record). Accordingly, due to the changed circumstances and the existence of new evidence of how the January 13, 1988 order sealing the record was hampering the progress of discovery, Judge Grine was fully warranted in subsequently reconsidering Judge Brumbaugh's January 13, 1988 order sealing the record.

Finally, we must determine whether Judge Grine properly held that the record should be opened. Article 1, § 11 of the Pennsylvania Constitution states that "all Courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law and right and justice administered without sale, denial or delay." Generally speaking, the question of the openness of the proceedings has been raised in the context of criminal trials, and with respect thereto the courts have recognized both a common law and constitutional right of public access. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580, 100 S.Ct. 2814, 2829, 65 L.Ed.2d 973, 991–92 (1980); *Commonwealth v. Contakos*, 499 Pa. 340, 343–45, 453 A.2d 578, 579–80 (1982); *Commonwealth v. Hayes*, 489 Pa. 419, 426–27, 414 A.2d 318, 321 (1980); *Commonwealth v. Murray* 348 Pa.Super. 439, 443, 502 A.2d 624, 626 (1985). "The requirement of public civil trials, though not an enumerated or even a penumbral constitutional guarantee, is nevertheless as old as the guarantee in criminal proceedings." *Katz v. Katz, supra*, 356 Pa.Super. at 467, 514 A.2d at 1377, (*quoting All Courts*

*Shall Be Open: The Public's Right to View Judicial Proceedings and Records*, 52 Temple L.Q. 311 (1979)).

> The common law rule, which also confers a public right of access to court records, is that every person is entitled to access "provided he has an interest therein for some useful purposes and not for mere curiosity." *C. v. C., supra*, [320 A.2d 717,] at 723; 23 Am.Jur.2d *Divorce and Separation* § 341, a 410 (1983). This common law right of access, of course, is not absolute. *In re National Broadcasting Co.*, 653 F.2d 609, 613 (D.C.Cir.1981). Every court has supervisory powers over civil proceedings in progress before it and may deny access where such access may become a vehicle for harmful or improper purposes. *See: Nixon v. Warner Communications, Inc., supra*, 435 U.S. [589,] at 598, 98 S.Ct. [1306,] at 1312, 55 L.Ed.2d [570,] at 580. Thus, the public may be "excluded, temporarily or permanently, from court proceedings or the records of court proceedings to protect private as well as public interests: to protect trade secrets, or the privacy and reputations [of innocent parties], as well as to guard against risks to national security interests, and to minimize the danger of an unfair trial by adverse publicity." *In re National Broadcasting Co., supra*, at 613.

*Id.* at 467. *See also Commonwealth v. Fenstermaker*, 515 Pa. 501, 530 A.2d 414 (1987); *P.G. Pub. v. Cmwlth. by District Attorney, supra.*

> However, private documents collected during discovery are not judicial records. *In re Alexander Grant and Company*, 820 F.2d [352,] at 355; *Anderson v. Cryovac, Inc.*, 805 F.2d 1 (1st Cir.1986); *see also Seattle Times v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). For the reasons articulated in the constitutional section of this opinion, discovery is essentially a private process. As stated by the Supreme Court in *Seattle Times*, "pretrial depositions and interrogatories are not public components of a civil trial." *Seattle Times*, 467 U.S. at 33, 104 S.Ct. at 2207. Thus, wrote the Court,

"such proceedings were not open to the public at common law." *Id.* Justice Burger wrote separately in another Supreme Court opinion that "it has never occurred to anyone, so far as I am aware, that a pretrial deposition or pretrial interrogatories were other than wholly private to the litigants." *Gannett Company v. DePasquale,* 443 U.S. 368, 396, 99 S.Ct. 2898, 2914, 61 L.Ed.2d 608, 632 (1979).

*Stenger v. Lehigh Valley Hosp. Center, supra,* 382 Pa.Super. at 89, 554 A.2d at 960–61.

 Upon reconsideration of Judge Brumbaugh's January 13, 1988 order sealing the record, Judge Grine determined that the appellants had not initially presented sufficient evidence to warrant the sealing of the record under the test set forth in *Publicker Industries, Inc. v. Cohen,* 733 F.2d 1059 (1984), which held that the sealing of the pleadings and trial proceedings may be warranted only when an important governmental interest is at stake and there is "no less restrictive way to serve that governmental interest." *Id.* at 1070. Secondly, a sealing of the record may be warranted when the motioning party can show good cause which is established when the motioning party can show that a clearly defined and serious injury would have occurred to the motioning party if the record were not sealed. *Id.* at 1070, 1071. We need not address Judge Grine's conclusion that the appellants had originally failed to carry their burden for the initial issuance of the order sealing the record until the commencement of trial, because we find that due to the changed circumstances in this case, Judge Grines' order removing the seal as to the judicial records was proper.[7] We reach this conclusion for the following reasons.

 Judge Brumbaugh issued his January 13, 1988 order sealing the record at a time when no other lawsuit

7. Superior Court may affirm the decision of the trial court for reasons other than those relied upon by the trial court as long as the result is correct. *Schreffler v. Pa. Ins. Guar. Assn.,* 402 Pa.Super. 309, 586 A.2d 983 (1991).

involving similar allegations against the appellants was in existence. The purpose of the January 13, 1988 order sealing the record was to protect the reputations and standing in the community of the appellants; however, the order explicitly stated that the sealing of the record was not intended in any way, shape, or form to impede the parties' rights to full and complete discovery.

Instantly, the existence of the January 13, 1988 order sealing the record has impeded the progress of discovery in not only this action, but also given the appellants unfair advantage as to discovery in both this case and the action in Somerset County. A review of the record indicates that the appellants have in the Somerset County lawsuit utilized matters which were under seal in this action when it has suited their purposes and have cried foul when the appellees have attempted to do the same. *See* Appellees' Affidavit in Support of Plaintiffs Motion for Reconsideration R.R. 105A, 106A. *See also* R.R. 132A, 173A–174A, 182A. As the original purpose of Judge Brumbaugh's January 13, 1988 order sealing the record was not to impede the progress of discovery or to give the appellants an unfair advantage over the appellees in the conduct of discovery, we find that Judge Grine was correct in ordering the record in this case unsealed. However, we note that while we affirm Judge Grine's decision to open the record in this case, our decision extends only to the judicial records. Any aspect of Judge Grine's decision that could be interpreted as opening up the pretrial depositions and interrogatories for public inspection is hereby reversed as the pretrial depositions and interrogatories are not judicial records. *See Seattle Times Co. v. Rhinehart, supra; Hutchison v. Luddy, supra,* 398 Pa.Superior Ct. at 509–512, 581 A.2d at 581; *Stenger v. Lehigh Valley Hosp. Center, supra.* Accordingly, the pretrial depositions and interrogatories are to continue to be filed under seal pursuant to the January 13, 1988 order sealing the record and the parties are not to make them available

for public inspection before the commencement of trial.[8] However, our continuation of the January 13, 1988 order sealing the record as to the depositions and interrogatories does not preclude the parties from utilizing them in the Somerset County lawsuit should the need arise.[9]

The appellants' second issue on appeal is that Judge Grine erred in failing to impose sanctions against the appellees for their failure to comply with the January 13, 1988 order sealing the record. The appellants argued that even though the order sealing the record was subsequently reversed, the appellees were not excused from following the dictates of the order before its reversal. Thus, the appellants assert that Judge Grine erred when he summarily denied their motion for the imposition of sanctions when he reversed Judge Brumbaugh's January 13, 1988 order sealing the record.

An order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings. *Philadelphia M.T. Assn. v. International Long Assn.*, 453 Pa. 43, 49–50, 308 A.2d 98, 102 (1973); *Ewing v. Oliver Realty*, 305 Pa.Super. 486, 493, 451 A.2d 751, 755 (1982). When a party or person fails to permit discovery, or fails to obey a court order respecting discovery, a court, on motion, may issue an order refusing to allow the disobedient party to support or oppose designated claims or defenses or prohibiting him from introducing in evidence designated, things or testimony. Pa.R.C.P. 4019(a)(1)(viii), 4019(c)(2); 6 *Standard PA Practice 2d* § 34:52. The imposition of specific sanctions for failure to obey a discovery

8. We note that any discovery materials that must be utilized in any pleading or other materials filed of record in the Blair County lawsuit are subject to the seal until the commencement of trial.

9. The appellants are not precluded by our Supreme Court's decision in *Hutchison v. Luddy, supra,* from applying in Somerset County for a protective order to seal the record regarding the depositions and interrogatories taken in the Somerset County lawsuit as well as the depositions and interrogatories filed in the Blair County lawsuit which are sought to be utilized in the Somerset County lawsuit.

order is largely within the discretion of the trial court. *Feingold v. Philadelphia Nat. Bank,* 313 Pa.Super. 579, 460 A.2d 339 (1983). Unless sanctions are imposed, an order declaring a party in contempt for failing to follow discovery orders is interlocutory and not ripe for appellate review. *Hester v. Bagnato,* 292 Pa.Super. 322, 323, 437 A.2d 66, 67 (1981). "As a general rule, this Court will not provide interim supervision of discovery proceedings conducted in connection with litigation pending in the several trial courts. In the absence of unusual circumstances, we will not review discovery or sanction orders prior to a final judgment in the main action." *Joyce & Associates v. Pivirotto,* 358 Pa.Super. 50, 52, 516 A.2d 763, 764 (1986) (*quoting McManus v. Chubb Group of Insurance Companies,* 342 Pa.Super. 405, 410, 493 A.2d 84, 87 (1985).

Instantly, the trial court denied the appellants' motion for the imposition of sanctions against the appellees for their failure to follow the January 13, 1988 order sealing the record.[10] As no sanctions were imposed against the appellees, nor has the appellants' ability to defend against the appellees' claims been limited in any way by the trial court's refusal to impose sanctions, we find that review of the trial court's failure to impose sanctions against the appellees is not warranted at this time and the portion of the trial court's order denying appellants' motion to impose sanctions is interlocutory. *See Joyce & Associates v. Pivirotto, supra; McManus v. Chubb Group of Insurance*

10. We note that the appellants themselves routinely referred to matters that were under seal in this action when Samuel Hutchison made discovery requests in the Somerset County lawsuit and permitted persons who were not parties to this lawsuit to review discovery material obtained in this case to be used for defense purposes in the Somerset County lawsuit. Accordingly, where reasonable justification exists for a party's questionable conduct, no sanction should be imposed. *Berlin v. Brody,* 4 D & C.2d 173 (1955); 10 *Goodrich–Amram* § 4019(a):10; *see also Gulf Oil Corp. v. Schlesinger,* 465 F.Supp. 913 (1979) (Doctrine of "unclean hands" precluded federal officials from claiming that information sought by discovery was privileged as pertaining to the decision-making process where the federal officials had offered the same or similar testimony in several other cases in which the testimony suited their purposes).

*Companies, supra.* Accordingly, we quash the portion of the appellants' appeal which concerns the issue of the trial court's failure to impose sanctions against the appellees for non-compliance of the January 13, 1988 order sealing the record and find that review of this issue will not be ripe until a final judgment is entered in the main action.

Based upon the foregoing, Judge Grine's October 22, 1990 order removing the seal as to all judicial records is affirmed; however any aspect of Judge Grine's October 22, 1990 order which could be interpreted as opening up the pretrial depositions and interrogatories for public inspection is reversed, and all pretrial depositions and interrogatories are to remain under seal pursuant to the January 13, 1988 order sealing the record. Finally, the portion of this appeal pertaining to Judge Grine's denial of the appellants' motion for the imposition of sanctions is quashed.

Affirmed in Part; Reversed in Part; and Quashed in Part.

BECK, J., filed a dissenting opinion.

BECK, Judge, dissenting:

I cannot accept the majority's reasoning that, despite a *per curiam* supreme court order involving an appeal which I consider legally indistinguishable from the instant case, the appellees' motion to quash this appeal should be denied. *Hutchison v. Luddy,* 527 Pa. 525, 594 A.2d 307 (1991), *reversing Hutchison v. Luddy,* 398 Pa.Super. 505, 581 A.2d 578 (1991). Instead I am constrained to conclude that the instant appeal is from an order which, according to the supreme court, was not final and, therefore, not appealable.

In the superior court opinion in *Hutchison v. Luddy, supra,* 398 Pa.Super. at 510–512, 581 A.2d at 580–581, this court reviewed, in relevant part, a trial court's order in Somerset County which denied the Church Parties' motion to seal all discovery records. The majority in *Hutchison* found, and I specifically agreed, that our court possessed subject matter jurisdiction over the appeal because the

order denying the motion to seal the records fell within the "collateral order" exception to the final judgment rule. Our reasoning in that case regarding the applicability of the "collateral order" exception paralleled the majority's reasoning here and cited *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978), as does the majority here.

Nevertheless, despite agreeing that subject matter jurisdiction under *Cohen* and *Pugar* was proper, I wrote separately in *Hutchison v. Luddy*, 398 Pa.Super. at 516–518, 581 A.2d at 584–585, in order to state my view that no party was as yet arguably aggrieved by the trial court's refusal to seal the record because discovery had not yet begun. In a separate opinion in *Hutchison, supra*, I articulated the view that the discovery issue was, therefore, not ripe for review. I concluded, therefore, that the trial court properly denied the parties' motion to seal the discovery records because discovery had not yet commenced. This was *not* a *Cohen* analysis but a conclusion that there were as yet no discovery materials upon which the trial court could act.

The supreme court, in a *per curiam* opinion cited above, reversed this court's order insofar as we reversed the trial court's denial of the motion to seal the record. Despite the instant majority's assertion to the contrary, the supreme court did not base its action on the position expressed in my concurring and dissenting opinion. Instead, the supreme court specifically stated that the order "was not final and, therefore, not appealable", and cited *Pugar v. Greco, supra,* and *Cohen, supra.* I can come to no other conclusion but that the supreme court specifically reversed our court's conclusion that an order denying the sealing of a record is final under *Cohen* and therefore appealable. In the wisdom of the supreme court, such an order does not satisfy the prerequisites of *Cohen*, is not final and is not appealable. We are bound by that judgment.

Finally, I see no basis for distinguishing this case from the previous *Hutchison* appeal on the grounds that in

*Hutchison I* we were dealing with an order denying a motion to seal and here we are reviewing an order removing a seal from a record. In fact, in a related matter, considering a prior motion to quash in the instant case, this court stated in a *per curiam* order that "an order removing a seal from a record is indistinguishable from an order denying the sealing of a record", for purposes of appealability.[1]

Therefore, despite my previously held view regarding the appealability of such orders pursuant to *Cohen*, I conclude that we are bound by the supreme court's *per curiam* opinion and on that basis must grant appellees' motion to quash.

1. Appellees filed a motion to quash this appeal on May 8, 1991. In a *per curiam* order, part of which is quoted above, this court denied the motion to quash and found the instant order appealable on the basis of our decision in *Hutchison v. Luddy,* 398 Pa.Super. 505, 581 A.2d 578 (1991). Thereafter, in light of the supreme court's reversal of this court's order on appealability grounds, appellees filed a second motion to quash. We granted appellees leave to argue the second motion at oral argument in Pittsburgh.