## Shapiro v. Albert Einstein Medical Center

*Matthew D'Annunzio,* for plaintiffs.
*George Dale, Cy Goldberg, Marcy Landis* and *Jacquelin Carolan,* for defendants.

ABRAMSON, *J.,* January 26, 2005—This appeal is of an order dated October 26, 2004, which granted defendants' motion for reconsideration and transferred venue from Philadelphia County to Montgomery County.

This is a medical malpractice action in which plaintiff appeared at Einstein Elkins Park Radiology on January 7, 2002, for her annual mammogram. Plaintiffs allege that defendants failed to detect a cancerous mass in plaintiff's right breast and failed to timely diagnose her with breast cancer following her mammogram.

Pennsylvania Rule of Civil Procedure 1006(a.1) states that "a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose." The Superior Court interpreted this to mean that the relevant inquiry for venue is where the medical care was "furnished" to the patient. *Olshan v. Tenet Health System City Avenue LLC,* 849 A.2d 1214, 1216 (Pa. Super. 2004). Significantly, the court held that "it is not the county where the corporate action took place that determines venue, but the county where the action affected the patient." *Id.* For example, secondary services,

such as hiring physicians, drafting rules, or supervising health care professionals, are not sufficient to create venue. *Id.,* 849 A.2d at 1217.

In the instant case, defendants have sufficiently shown that all of the medical care was furnished to plaintiff in Montgomery County. In support of their position, defendants have presented the deposition of Mable Jones M.D., plaintiff's radiologist at Elkins Park Radiology. She testified that plaintiff's January 2002 mammogram was taken, reviewed, and interpreted at the Einstein Elkins Park Radiology facility, which is located in Montgomery County. Depo. Mable Jones M.D. 196:16 to 197:1 (June 28, 2004). Additionally, defendants' answers to interrogatories, which were verified by a representative of Albert Einstein Medical Center, confirm that no treatment was rendered to plaintiff at Albert Einstein Medical Center in Philadelphia County. Specifically, the answers to interrogatories demonstrate that plaintiff's mammography film was never removed from Elkins Park Radiology, no physician from Albert Einstein Medical Center interpreted plaintiff's film at a location in Philadelphia County, and no individuals located in Philadelphia County were involved in the process of obtaining outside studies for comparison. See Albert Einstein Medical Center's answers to interrogatories (August 4, 2004).

In paragraph 47 of plaintiffs' statement of matters complained of, plaintiffs assert what amounts to be their entire basis for arguing that venue properly lies in Philadelphia County. To wit,

"Defendants, in a letter on Albert Einstein Medical Center's Philadelphia letterhead, assured plaintiffs that they were undertaking to obtain prior mammography films for comparison, and that a final report as to the

mammography taken by the Einstein defendants would not be issued until the films had been obtained."

In fact, Leslie Velasco, the manager of Elkins Park Radiology, testified at deposition that the letter in question was a form letter used by Elkins Park Radiology, which, again, is located in Montgomery County. Depo. Leslie Velasco 125:6-20 (July 8, 2004). Therefore, plaintiffs' premise proves to be false, and it is not cured by an attempt to assert an institutionally-wide duty as found in paragraph 48 of their statement of matters complained of. (The letter is attached as a court exhibit.)

Plaintiffs assert that the administrative acts performed by Albert Einstein Medical Center in Philadelphia County, such as hiring physicians, drafting rules and regulations, supervising staff, and failing to ensure that it would obtain plaintiff's prior mammography films, constitute "health care services" under 42 Pa.C.S. §5101.1(c). However, the court in *Olshan* expressly rejected this proposition. On facts almost identical to the present case, the court in *Olshan* stated that the "health care services" that were provided to the patient were the taking and the reading of a mammogram, and not the hiring, supervising, or providing rules and regulations for staff. 849 A.2d at 1217. In fact, the *Olshan* court concluded that the new venue rules sought to alleviate the situation where venue is greatly expanded due to the new corporate structure of health care, and sought to limit venue to the location of the alleged negligent care. The court stated,

"The General Assembly has stated that it has recognized that health care in the Commonwealth was becoming controlled by larger entities such as Tenet Health Systems, the University of Pennsylvania, Thomas Jeffer-

son University, Einstein Hospital, the University of Pittsburgh Medical Center, and West Penn Allegheny Health System. As a result of this, any health care provider affiliated with any of these larger corporate entities became fair game to be sued in Philadelphia or Pittsburgh, where the vast majority of corporate entities have their main location or conduct a large amount of business. The result has been an 'unduly expanded' reach and scope of venue . . . [S]imply by alleging some form of corporate negligence, unrelated to the actual provision of health care services, the venue rules are circumvented and the doctor, in this case practicing in Montgomery County, once again finds himself a defendant in Philadelphia County." *Id.,* 849 A.2d at 1218.

The policy and interest analysis laid out in *Olshan* should apply to the present case. Similar to *Olshan,* the "health care services" provided to plaintiff in this case were the taking and reading of her mammogram at the Elkins Park Radiology facility in Montgomery County, and not the indirect administrative acts in Philadelphia. Thus, all medical care was furnished in Montgomery County, and venue is appropriate there.

Plaintiffs further contend that defendants cannot, for the first time, come forward with factual averments in their motion for reconsideration when they failed to do so in their preliminary objections.[1] However, in plain-

---

1. While plaintiffs argue that the motion was made on the "eve of trial" alluding to, one would suppose, some sort of prejudice, it suffices to say that the motion was filed in September 2004, with a projected trial date of January 2005, and an actual trial date to occur about six months later. Factually, the motion then was not made on the eve of trial, and, without more, the timing of the motion does not trump the new venue rules and the policies behind them.

tiffs' "Reply of plaintiffs Arline and Fred Shapiro to the petition to transfer venue . . . " on July 7, 2003 (filed in response to defendants' preliminary objections), plaintiffs alleged that corporate negligence occurred in Philadelphia. See ¶1; see also, complaint ¶109(b)-(e). At that time, plaintiffs' allegation provided the proper basis for venue in Philadelphia County since this was before *Olshan* was decided. Any failure of defendants to earlier allege with particularity that other negligent acts occurred outside of Philadelphia, or to add a notice to plead or verification did not have any effect on the August 27, 2003 decision overruling preliminary objections.

*Olshan,* decided on April 22, 2004, made clear that the place of the corporate negligence was not sufficient to create venue. The decision in *Olshan* represents the first appellate decision to so hold. Defendants should not be barred from raising this argument since *Olshan* effectively changed prior law. Cf. *Cleveland v. Johns-Manville Sales Corp.,* 547 Pa. 402, 411, 690 A.2d 1146, 1151 (1997) ("where a fundamental change in the law occurs after the lower court enters its order, but before the appellate court rules, the failure to raise the issue in the lower court will not preclude appellate review of that issue"); see *Vincent v. Fuller Company,* 400 Pa. Super. 108, 113-14, 582 A.2d 1367, 1370 (1990) ("if new case law is decided subsequent to an earlier ruling by the court and it clarifies a principle of substantive law or overrules an important case relied upon by one of the parties at an earlier stage of the proceedings, judicial economy and efficiency is best served by consideration of the new case law prior to trial").

Finally, plaintiffs assert that defendants' motion for reconsideration is untimely. Plaintiffs maintain that de-

fendants should have filed their motion for reconsideration 30 days from the August 27, 2003 order that overruled defendants' preliminary objections and denied their motion to transfer venue. Plaintiffs cite 42 Pa.C.S. §5505 in support of this argument. However, the 30-day time limitation for reconsideration imposed by section 5505 only applies to final orders. *Hutchison by Hutchison v. Luddy,* 417 Pa. Super. 93, 108, 611 A.2d 1280, 1288 (1992). "Where an order does not effectively place the litigant out of court or end the lawsuit, it is within the trial court's discretion to entertain a motion to reconsider the interlocutory order outside the 30-day time limit set forth in 42 Pa.C.S. §5505." *Id.,* 417 Pa. Super. at 108-109, 611 A.2d at 1288. The August 27, 2003 order, which effectively kept venue in Philadelphia County, was not a final order. Therefore, the court had discretion to consider this motion for reconsideration beyond the 30-day time limitation. Based on the all the circumstances in this case, the court deemed it proper to decide the motion for reconsideration in favor of defendants.

For the foregoing reasons, the court's decision should be affirmed.

---

## EXHIBIT

Date 1-7-02

Dear Arline Shapiro,

We wish to inform you that your study has been evaluated. A final report and recommendation require comparison with outside prior studies. We will attempt to obtain them.

A preliminary report of your mammography results was sent to your referring physician.

Your mammogram will become part of your medical file here at Einstein Elkins Park Radiology for at least 10 years. You are responsible for informing any new health care provider or mammography facility of the date and location of this examination.

Sincerely,

Einstein Elkins Park Radiology

OSF