J-S31001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: B.M., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: D.M. | No. 211 MDA 2015 |

Appeal from the Order Entered January 20, 2015
In the Court of Common Pleas of Berks County
Juvenile Division at No(s): CP-06-CR-0000252-2013

BEFORE: BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 26, 2015**

This is an appeal by D.M., a non-party to the underlying dependency proceedings involving B.M., a minor child who is the biological relative of D.M. D.M. seeks to appeal from the trial court's January 20, 2015 order denying her request for a transcription of a hearing conducted in the dependency case. For the following reasons, we conclude that the court's January 20, 2015 order is not a final, appealable order. It is also not a collateral order that is appealable as of right under Pa.R.A.P. 313. Accordingly, we quash this appeal.

A brief history of the dependency proceeding involving B.M. is necessary to understand the order from which D.M. seeks to appeal. Berks County Children and Youth Services (BCCYS) became involved with B.M.'s family in August of 2013 and, ultimately, B.M. was placed into foster care. In September of 2013, B.M. was adjudicated dependent and temporary legal custody was awarded to BCCYS with a primary goal of reunification, and a concurrent goal of adoption.

Beginning in October of 2014, D.M., who is an aunt of B.M.'s biological father (Father), began seeking visitation with B.M., as well as placement of B.M. in her home. However, on November 24, 2014, B.M.'s Guardian *ad Litem* (GAL) filed an "Emergency Motion to Suspend Visitation" between B.M. and D.M., as well as between B.M. and other biological family members.[1] On November 21, 2014, the trial court temporarily suspended visitation between B.M. and certain family members, including D.M. On November 26, 2014, following a hearing, the court issued an order directing that the primary permanency goal for B.M. was adoption.

On December 12, 2014, BCCYS filed a "Motion for Determination of Visitation," requesting that the trial court "make a determination regarding whether visitation with [D.M. and other family members] is in the best interests of [B.M.] and whether [B.M.] should remain in the home of [her foster parents]." BCCYS Motion for Determination of Visitation, 12/12/14, at 3-4 (unnumbered). On January 8, 2015, the trial court conducted a hearing on BCCYS's motion (hereinafter "visitation hearing"). Ultimately, the court issued an order concluding that it was in B.M.'s "best interest that all

_____

[1] The record indicates that the impetus behind the GAL's filing of the emergency motion was her concern for the safety of B.M. and her foster parents, after family members of B.M. created a Facebook page displaying photographs of B.M. and a post that seemingly threatened B.M.'s foster parents.

visitation between the child and [her] biological family members remain suspended at this time…." Trial Court Order, 1/13/15.[2]

On January 20, 2015, D.M. filed an "Order for Transcription," requesting the transcripts of the visitation hearing. That same day, the court issued an order denying D.M.'s petition on the basis that "parts of this [j]uvenile hearing were closed upon motion and safety issues weigh against generating a transcript in these particular circumstances…." Trial Court Order, 1/20/15. D.M. filed a timely notice of appeal from the court's January 20, 2015 order. On February 23, 2015, this Court issued a *per curiam* order directing D.M. to show cause why her appeal should not be quashed as having been taken from an interlocutory, non-appealable order. D.M. filed a timely response, arguing that the trial court's January 20, 2015 order qualified as a collateral order, appealable as of right under Rule 313. On March 20, 2015, this Court issued a second *per curiam* order, discharging our February 23, 2015 show cause order and stating that, "the merits panel may revisit the issue and may find that the appeal is defective." *Per Curiam* Order, 3/20/15.

---

[2] In suspending visitation, the court cited "safety concerns for the foster family and child, … the high level of conflict and stress between the biological family and the foster family, [the fact that] visitation and contact negatively impact the child in tangible ways, and [because] it is clearly necessary for her health and well-being that [the child] experience a period of quiescence at this time…." ***Id.***

In light of this procedural history, we will first consider whether the trial court's January 20, 2015 order is appealable.

> The general rule is that, unless otherwise permitted by statute, only appeals from final orders are subject to appellate review. ***Pugar v. Greco***, 483 Pa. 68, 72-73, 394 A.2d 542, 544-45 (1978). A final order is one that disposes of all claims or all parties. Pa.R.A.P. 341(b). This principle, designed to prevent piecemeal appeals, is subject to a narrowly construed exception known as the collateral order rule. ***See Commonwealth v. Johnson***, 550 Pa. 298, [306], 705 A.2d 830, 834 (1998); ***Watson v. City of Philadelphia***, 665 A.2d 1315, 1317 (Pa. Cmwlth. 1995). The collateral order rule, first announced in ***Cohen v. Beneficial Industrial Loan Corp.,*** 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and now set forth in Pennsylvania Rule of Appellate Procedure 313, provides that appeals may be taken from orders that are "[1] separable from and collateral to the main cause of action [2] where the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). This third prong has also been interpreted to mean that the matter must be effectively unreviewable on appeal from final judgment. ***Johnson, supra,*** 705 A.2d at 832, citing ***Coopers & Lybrand v. Livesay***, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

***Commonwealth v. Sartin***, 708 A.2d 121, 122-123 (Pa. Super. 1998).

Initially, the trial court's January 20, 2015 order is not 'final,' as defined by Rule 341(b).[3] Thus, we must assess whether it satisfies the three

---

[3] Rule 341(b) states:

> **(b) Definition of final order.** A final order is any order that:
>
> > (1) disposes of all claims and of all parties; or
> >
> > (2) is expressly defined as a final order by statute; or

*(Footnote Continued Next Page)*

prongs of the 'collateral order rule.' In regard to the first prong of that test, the January 20, 2015 order denying D.M. the transcript of the visitation hearing implicates an issue that is separable from the underlying dependency action. Namely, the dependency proceeding involves "substantive decisions affecting the child's best interests, which is the polestar of all dependency proceedings." *In re J.S.*, 980 A.2d 117, 121 (Pa. Super. 2009). More specifically, the January 8, 2015 visitation hearing was conducted to determine whether visitation with D.M., as well as other family members, was in the best interests of B.M. *See* BCCYS "Motion for Determination of Visitation," 12/12/14, at 3-4 (unnumbered). That issue, and the overarching question of B.M.'s dependency, are distinct and separable from D.M.'s claim that she has a right to the transcript of the visitation hearing. Therefore, the first prong of the collateral order doctrine is satisfied.

Next, we determine if the right involved in D.M.'s claim is too important to be denied review. D.M. avers (in her answer to our order to show cause why her appeal should not be quashed) that she has a constitutional "right to judicial records" as a member of the public, and as an

_(Footnote Continued)_ ───────────

> (3) is entered as a final order pursuant to subdivision (c) of this rule.

Pa.R.A.P. 341(b).

"interested party." Answer of Appallant [*sic*] to Order Filed by Superior Court, 3/6/15, at 3.

In **Sartin**, a nearly identical right was asserted in an attempt to satisfy the collateral order rule. There, local newspapers appealed from a court order that "partially unsealed the transcript of a previously held in camera hearing…." **Sartin**, 708 A.2d at 121.[4] In arguing that the order satisfied the second prong of the collateral order test, the newspapers "identified only the public's right of access to judicial proceedings as the right too important to be denied review…." **Id.** at 123 (citation omitted). We disagreed that this right met the collateral order test, reasoning:

> Admittedly, Pennsylvania courts have recognized the existence of the right of the public to observe the functioning of the criminal justice system. **PG Publishing Co. v. Commonwealth**, 532 Pa. 1, 5, 614 A.2d 1106, 1108 (1992); **Commonwealth v. Fenstermaker, supra**, at 508, 530 A.2d at 417 (1987). This right is not absolute, however, and it may be weighed against circumstances warranting closure of the record to public inspection. **PG Publishing Co., supra**; **Fenstermaker, supra**, at 513, 530 A.2d at 420. At the discretion of the trial judge and in the interest of protecting public as well as private interests, the public may be excluded, temporarily or permanently, from being present at certain judicial proceedings or examining the records of such proceedings. **PG Publishing Co., supra**; **Hutchison v. Luddy**, 417 Pa. Super. 93, 611 A.2d 1280, 1290 (1992); **Katz v. Katz**, 356 Pa. Super. 461, 514 A.2d 1374, 1377 (1986). Thus, although we concede that the right of access is an important right, in light of the fact that it can be delayed or denied under

---

[4] The newspapers sought to challenge the court's order because it directed that the transcript be redacted of all proper names. **Id.** at 122.

certain circumstances, we cannot conclude that the Newspapers' appeal is too important to be denied immediate review.

*Sartin*, 708 A.2d at 123.

In light of *Sartin*, we reject D.M.'s claim that the public's right of access to judicial records is too important to be denied review at this time. Additionally, D.M.'s assertion that she has a "personal interest" in attaining the record of the visitation hearing does not warrant immediate review. This Court has stated that "[i]n order to satisfy the second prong of the collateral order doctrine, it is not sufficient that the issue be important to the particular parties." *Spanier v. Freeh*, 95 A.3d 342, 346 (Pa. Super. 2014) (citation omitted). "Rather, the issue must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Id.* (citation omitted). Accordingly, the second prong of the collateral order doctrine is not satisfied in this case.

We need not go on to examine whether the third prong of the collateral order test has been met, because "[a]bsent the satisfaction of all three prongs of [that] test, this Court has no jurisdiction to consider an appeal of an otherwise non-final order." *Spanier*, 95 A.3d at 345 (citation omitted). Therefore, we quash D.M.'s appeal.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2015