491 A.2d 177

**Catherine F. MANDIA, Appellant,**

v.

**Dominic MANDIA.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1984.

Filed March 29, 1985.

Neil Hurowitz, King of Prussia, for appellant.

Arthur R. Littleton, Philadelphia, for appellee.

Before McEWEN, DEL SOLE and POPOVICH, JJ.

POPOVICH, Judge:

This is a consolidation of two appeals filed by appellant, Catherine Mandia, one from an order which bifurcated from the parties' economic claims appellant's divorce from appellee, Dominic Mandia, and one which dismissed the exceptions of appellant to a Master's report concerning, *inter alia,* equitable distribution, alimony, approving the Master's report and recommendations, and entering a final order.

On January 18, 1983, an order was entered bifurcating the parties' divorce from the outstanding economic claims. Appellant filed a Notice of Appeal from the bifurcation

order at No. 427 Philadelphia 1983 on February 4, 1983. We hold that an order granting a petition for bifurcation is not final and appealable.

Whether an order is final and appealable cannot necessarily be ascertained from the face of the decree alone, nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications.

*Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 228, 348 A.2d 734, 735 (1975). An order which grants a bifurcation has no bearing on the parties' status nor does it realistically affect them in any way. It is only upon entry of the actual decree of divorce when the ramifications of the order become apparent and tangible. A party who opposes the grant of a petition for bifurcation is not necessarily acting in opposition to the divorce *per se* but is opposing the timing of the divorce *vis a vis* the parties' economic claims. Indeed, in this case, appellant initially filed for divorce. For reasons carefully explored in *Wolk v. Wolk*, 318 Pa.Super. 311, 464 A.2d 1359 (1983), a party who opposes the petition does so on the grounds that it would be error to grant a divorce at this time and under these circumstances.

■ In the instant case, six days after the entry of the bifurcation order, a divorce decree was entered. Although the initial appeal is lodged from the bifurcation order, such an order would not be entered without intention of thereafter entering a decree of divorce. Indeed, often the two orders are combined. As expressed above, the bifurcation order did not aggrieve appellant; the order entering the divorce represents the substance of her appeal. In this case, the divorce decree states that it is "by virtue of the authority vested in this Court under ... the Order entered by this court on January 18, 1983, decreeing bifurcation of this case to effectuate economic justice." The appeal from the order which was entered as a final decree of divorce "is sufficient to raise the bifurcation issue." *Thill v. Larner*, 321 Pa.Super. 62 n. 1, 467 A.2d 894 n. 1 (1983). We believe that a notice of appeal from an order granting bifurcation,

*premised as it is on the eventual granting of a divorce* is, conversely, sufficient to raise the issue of the propriety of the grant of the divorce. An order entering a bifurcated divorce is final and appealable. *See Wolk v. Wolk, supra.* Appellant's attorney, in an attempt to assert appellant's rights to appeal the bifurcation, described the appeal as one from the order granting bifurcation. Under these circumstances, we find counsel's action an uninformed procedural misstep and will preserve appellant's right to appeal the order granting the divorce, premised as it is on the bifurcation order.

> Since the decision to bifurcate is discretionary, we will review lower court decisions pertaining to bifurcation by using an abuse of discretion standard. So long as the trial judge assembles adequate information, thoughtfully studies this information, and then explains his decision regarding bifurcation, we defer to his discretion. In other words, this determination should be the result of a reflective examination of the individual facts of each case.

*Hall v. Hall,* 333 Pa.Super. 483, 482 A.2d 974 (1984).

■ The hearing on the petition to bifurcate was held on January 18, 1983. The standard by which we must evaluate the record is enunciated in *Wolk v. Wolk.* An independent examination of the January 18, 1983, hearing transcript on the bifurcation petition indicates little consideration of the ramifications of bifurcation on the parties involved. The facts of the instant case mirror those in *Hall v. Hall* in which this court reversed the order which granted the bifurcation. There is simply no evidence on record that the court gathered adequate information, thoughtfully studied that information and then explained its decision. At the hearing, the court briefly entertained arguments by counsel and then stated:

> Mr. Hurowitz, do you mean to tell me that here where she's agreeable that they have been separated three years, and its the whole purpose of the new divorce code to speed up divorces so you wouldn't have all these battles, and this one, if Mr. Littleton is correct, that this

one has been going on for four years that the court should not bifurcate?

These are precisely the reasons expressed by the Judge in *Hall v. Hall* and are, as such, little more than "conclusions".

We, therefore, reverse the order of the lower court and remand for proceedings consistent with this opinion.

■ After Notice of Appeal was filed by appellant on February 4, 1983, the trial court entered an order on October 28, 1983, which dismissed exceptions to a master's report on issues concerning the parties' financial status. Appellant filed a notice of appeal at No. 3190 Philadelphia 1983. After appellant lodged her appeal at No. 427 Philadelphia 1983, the trial court lacked jurisdiction to act further and to dismiss appellant's exceptions on the economic claims under Pa. Rule of Appellate Procedure 1701. *Prozzoly v. Prozzoly*, 327 Pa.Super. 326, 475 A.2d 820 (1984). Therefore, the appeal of the order of the Honorable Robert W. Tredinnick which concerned the economic claims is quashed.

Order entered at No. 427 Philadelphia 1983 reversed and appeal at No. 3190 Philadelphia 1983 quashed. We remand for proceedings consistent with this opinion. Jurisdiction relinquished.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

I respectfully dissent. I would find that the divorce decree in this case was granted in accordance with the statute 23 P.C.S.A. § 401(b) which provides:

(b) Any decree granting a divorce or an annulment, shall include after a full hearing, where these matters are raised in the complaint, the answer or other petition, an order or orders determining and disposing of existing property rights and interests between the parties, custody and visitation rights, child support, alimony and any other related matters including the enforcement of separation

agreements voluntarily entered into between the parties. In the enforcement of the rights of any party to any such matters, the court shall have all necessary powers, including but not limited to, the power of contempt and the power to attach wages. *In the event that the court is unable for any reason to determine and dispose of the matters provided for in this subsection within 30 days after the master's report has been filed, it may enter a decree of divorce or annulment.* The court may order alimony, reasonable counsel fees and expenses pending final disposition of the matters provided for in this subsection and upon final disposition, the court may award costs to the party in whose favor the order of decree shall be entered, or may order that each party shall pay his or her own costs, or may order the costs be divided equitably as it shall appear just and reasonable. (Emphasis added).

The record shows that in this case there were two Master's Reports filed. The Master's Report on the Divorce Decree was filed on March 15, 1982 and was approved by the trial court on April 13, 1982. The Master's Report on Equitable Distribution was filed on August 11, 1982. The trial court entered the divorce decree on January 24, 1983, retaining jurisdiction over economic matters. The Master's Report on economic matters was filed more than 30 days before the divorce decree was entered, in fact, it was filed five months before the divorce was granted.

The Majority relies on the holding of *Wolk v. Wolk*, 318 Pa.Super. 311, 464 A.2d 1359 (1983); and *Hall v. Hall*, 333 Pa.Super. 483, 482 A.2d 974 (1984), which precludes the *pro forma* granting of bifurcation orders. The practice of concern to our court in *Wolk* and *Hall* was the granting of a petition to bifurcate without any consideration of the facts in an individual case. In both cases, the petition to bifurcate was granted and the divorce decree entered *before* a Master's Report was filed and without an adequate hearing. The *Wolk* court noted that the trial court should make a determination to bifurcate only after it had weighed the advantages and disadvantages of proceeding in this man-

ner, and that the determination should be the result of a reflective examination of the individual facts of each case. *Wolk supra*, 318 Pa.Superior Ct. at 317–318, 464 A.2d at 1362. The court noted how significant factors such as the parties' tax positions, and the impact of the death of one of the parties could be affected by a bifurcation order.

The procedural history of the case *sub judice* differs from that of *Wolk* and *Hall*. Although the bifurcation hearing in this case was brief, there had been two Master's Reports filed with the court before the hearing was held. Therefore, I would find that in this case the statute which permits the entry of a decree of divorce within 30 days after the Master's Report has been filed has been complied with. I would also find that the standards set by *Wolk* have been met in view of the fact that through the two years of proceedings which preceded the entry of decree, the trial court had ample opportunity to gather the information necessary to make a decision which was more than *pro forma*.

Therefore, I would approach this case viewing this issue before us as simply whether the divorce decree was properly entered. The record shows that the parties had been separated for over three years and that each party had filed an affidavit of consent to the divorce decree pursuant to 23 P.C.S.A. § 201(c), stating that the marriage was irretrievably broken. The Master's recommendation was that a divorce decree should be granted. I would therefore conclude that the granting of the decree was proper. Even if the bifurcation order had been improperly entered, it cannot be argued that it had any effect on the granting of the decree since no one contests the validity of the decree or the underlying facts giving rise to its propriety.

I would also find that the trial court acted properly in continuing to exercise its jurisdiction over the economic claims, even though the divorce decree was on appeal. The statute [§ 401(b)] contemplates the separation of the economic claims from the divorce decree in some cases, and the consequent separate disposition of these matters.

Consequently, I would go on to address the second order on appeal, that of Judge Tredinnick of the Court of Common Pleas of Montgomery County, whereby he dismissed the Appellant's exceptions to the Master's Report on Equitable Distribution. The Report was based on the parties' settlement agreement which was negotiated before the Master by counsel. The Appellant excepted to the Report on the basis that there was no full disclosure of assets and that she had not made an informed consent to the settlement agreement which she had signed. A full evidentiary hearing was held on the Appellant's exceptions, at which both parties testified. After this hearing, the trial court dismissed the Appellant's exceptions, finding that the Appellant did consent to the agreement, that she was not under such duress as to invalidate the decree and that there was adequate disclosure. I find no reason to disturb these findings and would affirm the opinion of the trial court.