501 A.2d 679

**Helen M. BEASLEY, Appellee,**

v.

**James E. BEASLEY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1985.

Filed Dec. 6, 1985.

Richard Sprague, Philadelphia, for appellant.

Larry I. Haft, Philadelphia, for appellee.

Before WIEAND, BECK and ROBERTS, JJ.

WIEAND, Judge:

Is an order denying a petition to bifurcate economic claims from a cause of action for divorce an appealable order? We conclude that it is neither final nor appealable; and, therefore, we quash the appeal taken from such an order.

Helen M. Beasley commenced an action in divorce against her husband, James E. Beasley, on October 29, 1981. She alleged that the marriage was irretrievably broken and

suggested that she would file an affidavit of consent after ninety days. Numerous ancillary petitions were thereafter filed and argued before the trial court. Decisions thereof were frequently appealed. On September 13, 1983, James Beasley filed a "Motion to Sever Divorce Claims From Other Claims, to Compel Helen M. Beasley to File an Affidavit of Consent, and to Enter a Final Divorce Decree." The trial court, after argument, entered an order denying the motion to sever. Beasley appealed.

It is "well settled that an appeal will lie only from a final order unless otherwise permitted by statute." *Pugar v. Greco*, 483 Pa. 68, 72, 394 A.2d 542, 544 (1978). See also: *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 337, 372 A.2d 721, 724 (1977); *Sutliff v. Sutliff*, 326 Pa.Super. 496, 499, 474 A.2d 599, 600 (1984); *Praisner v. Stocker*, 313 Pa.Super. 332, 336, 459 A.2d 1255, 1258 (1983). "A final order is one which usually ends the litigation, or alternatively, disposes of the entire case." *Pugar v. Greco, supra*, 483 Pa. at 73, 394 A.2d at 544–545. "Whether an order is final and appealable cannot necessarily be ascertained from the face of a decree alone, nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 228, 348 A.2d 734, 735 (1975). See also: *Pugar v. Greco, supra*, 483 Pa. at 73, 394 A.2d at 545; *Praisner v. Stocker, supra*, 313 Pa.Super. at 337, 459 A.2d at 1258.

An order denying a petition to bifurcate economic claims from a divorce claim is not a final order. It does not decide or end either the divorce claim or the economic claim; and it does not put either party out of court. Even appellant concedes that the order denying bifurcation did not finally determine the pending action in which divorce and economic claims are still pending.

Appellant argues, however, that the order in this case is appealable under an exception to the final judgment rule adopted by the Supreme Court of the United States in *Cohen v. Beneficial Industrial Loan Corporation*, 337

U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and followed by the courts in this Commonwealth. See: *Fried v. Fried*, 509 Pa. ——, 501 A.2d 211 (1985); *Pugar v. Greco, supra; Bell v. Beneficial Consumer Discount Company, supra; Praisner v. Stocker, supra*, 313 Pa.Super. at 342, 459 A.2d at 1260–1261. Under *Cohen*, an order which is separable from and collateral to a cause of action may become appealable under certain circumstances. Those circumstances, all of which must be present, are as follows: "[the order is] separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corporation, supra*, 337 U.S. at 546, 69 S.Ct. at 1225–1226, 93 L.Ed.2d at 1536. See also: *Pugar v. Greco, supra; Bell v. Beneficial Consumer Discount Company, supra*, 465 Pa. at 228–229, 348 A.2d at 736; *Praisner v. Stocker, supra*.

The order from which the appeal in this case was taken does not involve a right which is too important to be denied immediate review. Neither does it involve a claimed right which will be irretrievably lost. A decision to bifurcate is meaningful only when a decree in divorce is to be entered. Bifurcation "accelerates the actual dissolution of a marriage found to be irretrievably broken since the time needed to obtain a divorce is substantially shorter than the time needed for the disposition of marital property." *Wolk v. Wolk*, 318 Pa.Super. 311, 314, 464 A.2d 1359, 1360 (1983). Unless a decree in divorce is entered, there can be no equitable distribution of marital property. *Laxton v. Laxton*, 345 Pa.Super. 450, 455, 498 A.2d 909, 912 (1985); *Dech v. Dech*, 342 Pa.Super. 17, 21–22, 492 A.2d 41, 43 (1985). Therefore, until a decree in divorce is to be entered, an order bifurcating or refusing to bifurcate the divorce and economic claims does not realistically affect either claim or the status of the parties. This was recognized in *Mandia v. Mandia*, 341 Pa.Super. 116, 491 A.2d 177 (1985), where this Court observed that an "order which grants a bifurcation has no bearing on the parties' status nor does it realistically

affect them in any way." *Id.*, 341 Pa.Superior Ct. at 118, 491 A.2d at 178. It is only when the court enters a bifurcated divorce that an order is entered which becomes final and appealable. *Id.*, 341 Pa.Superior Ct. at 120, 491 A.2d at 179.

In the instant case, the divorce claim has not gone forward. In the meantime, the parties have engaged in an acrimonious and tumultuous debate over economic issues. There is at present no decree in divorce that is about to be entered. The order denying Beasley's request for bifurcation does not affect either the status of the action or the rights of the parties in any way. It does not even represent a final determination of the bifurcation issue, for bifurcation may yet be allowed. The present order denying bifurcation, therefore, is interlocutory and is not appealable.

The right of appeal is intended to confer upon an appellate court the power of review; it has never been intended to vest in an appellate court the power to intervene in matters pending before the trial court. So long as actions remain open, undetermined and unfinished, this court will not intrude by deciding premature appeals. See: *Cohen v. Beneficial Industrial Loan Corporation, supra*, 337 U.S. at 546, 69 S.Ct. at 1225, 93 L.Ed. at 1536. See also: *Fried v. Fried, supra*.

Appeal quashed.