**Dwight D. PRALL, Appellee,**

v.

**Donna Mae PRALL, Appellant.**
**(Three Cases).**

Superior Court of Pennsylvania.

Argued April 16, 1997.

Filed Aug. 6, 1997.

Robert Glessner, York, for appellant.

Audrey E. Woloshin, York, for appellee.

Before CAVANAUGH, POPOVICH and OLSZEWSKI, JJ.

POPOVICH, Judge.

These consolidated appeals are from the divorce decree entered in the Court of Common Pleas of York County on June 24, 1996, Dkt. No. 549 HBG 1996, the order of equitable distribution entered on July 2, 1996, Dkt. No. 542 HBG 1996, and the order directing the parties to comply with the order of equitable distribution entered on August 27, 1996, Dkt. No. 744 HBG 1996.[1]

At Dkt. No. 549 HBG 1996, appellant claims that the lower court erred when it bifurcated the divorce and equitable distribu-

tion claims and entered the divorce decree. At Dkt. Nos. 542 HBG 1996 and 744 HBG 1996, appellant claims the lower court did not have jurisdiction to enter either the order of equitable distribution or the order enforcing the order of equitable distribution due to her pending appeal from the divorce decree. Upon review, we affirm the divorce decree at Dkt. No. 549 HBG 1996, and quash the appeals at Dkt. Nos. 542 HBG 1996, and 744 HBG 1996.

Appellee filed for divorce on November 8, 1991 and amended his complaint on June 10, 1993. On August 22, 1994, both parties filed affidavits of consent pursuant to 23 Pa.C.S.A. § 3301(c). Also, on August 22 and 23, 1994, a hearing was held before a divorce master regarding equitable distribution of the marital property. The master filed his Report and Recommendation on March 31, 1995.[2] On May 30, 1995, alleging the existence of new evidence which would affect the value of the marital residence, appellant filed a motion requesting that the trial court remand the case to the divorce master for further consideration. A hearing was held before the divorce master on December 5, 1995, to consider whether there were sufficient grounds to warrant a remand and reopening of the case. The divorce master filed his report and recommendation on April 2, 1996, in which he concluded that no adequate grounds existed to warrant a reopening of the record in this case. There were no exceptions filed to the master's decision.

During the period between May of 1995, and April of 1996, while appellant's motion to remand to the master was under consideration, appellee continued to pay spousal support, which was more lucrative for appellant than the divorce master's recommended alimony payments. On May 16, 1996, appellee filed a petition for special relief seeking credit towards his recommended alimony payment for the excess spousal support which he paid while awaiting resolution of appellant's motion for remand to the master.[3]

---

1. Appellee's motion to dismiss due to appellant's failure to file and serve in a timely manner her designation of the contents of her reproduced record and statement of issues is hereby denied.

2. We note that appellant filed exceptions to the divorce master's report on April 11, 1995. How-

ever, these exceptions were dismissed with prejudice by the trial court because they were not filed in a timely manner.

3. The court scheduled a hearing on this matter for August 19, 1996, but continued the proceeding pending the outcome of these appeals.

On June 6, 1996, appellee filed a petition to bifurcate the divorce from the economic issues and asked the trial court to enter a final decree of divorce in order for his alimony obligation to commence. The trial court held a hearing regarding appellee's petition on that date, during which appellant objected to bifurcation claiming the court had not gathered sufficient information to weigh the advantages and disadvantages which would result from granting the petition. Relying on the master's two reports, the fact that no timely exceptions had been filed to either report and the fact that both parties had filed affidavits of consent, the trial court felt there were no factual (economic) issues to be resolved except appellee's petition for special relief which was scheduled for a hearing on August 19, 1996. As a result, the court entered an order bifurcating the divorce proceeding from the economic issues on June 10, 1996, and entered a decree of divorce on June 24, 1996. Appellant filed a notice of appeal from the divorce decree on July 1, 1996.

On July 2, 1996, the trial court entered an order adopting the master's report and recommendation and directing that equitable distribution of the marital property should commence accordingly. Appellant filed a notice of appeal from this order on July 8, 1996.

On August 27, 1996, appellee submitted a petition for enforcement to the trial court in which he indicated that appellant had refused to comply with the trial court's order of equitable distribution of the marital property. At this time, the trial court again ordered the distribution of the marital property to commence. Appellant filed a notice of appeal from this order on September 11, 1996.

■ Appellant initially contends the divorce decree should not have been entered because the trial court was required to hold a hearing before bifurcating the divorce from any economic issues. To support this position, appellant relies on *Wolk v. Wolk*, 318 Pa.Super. 311, 464 A.2d 1359 (1983) and *Mandia v. Mandia*, 341 Pa.Super. 116, 491 A.2d 177 (1985). Both of these cases state that the trial court's decision to bifurcate the divorce from any economic issues is discretionary as long as it is the result of a reflective examination of the individual facts of each case. "So long as the trial judge assembles adequate information, thoughtfully studies this information, and then explains his decision regarding bifurcation, we defer to his discretion." *Wolk*, 464 A.2d at 1362.

Upon review, we find the lower court did comply with the mandate of *Wolk* and *Mandia*, and the facts of *Wolk* and *Mandia* are distinguishable. In *Wolk* and *Mandia*, the trial court granted bifurcation before exceptions to the master's report had been resolved, and, therefore, the economic issues had not yet been settled. In the present case, however, there were no exceptions to the master's report and recommendation. Thus, the only economic issues remaining were those addressed in appellee's petition for special relief, scheduled for August 19, 1996, of which the trial judge was fully aware. Bifurcation was granted based on the trial judge's consideration of the information contained in the report and recommendation of the divorce master. Having considered this report and the fact that both parties had filed affidavits of consent, the trial judge concluded "that there [were] no factual issues or controversy at this time except in regards to what we will be hearing and addressing in the hearing on August 19, 1996." (Order of 6/6/96, at 3). Upon review, we conclude that the court bifurcated this case based upon an adequate consideration of its impact on the remaining issues. Accordingly, we find that the trial court did not abuse its discretion in bifurcating the divorce, and we affirm the decree of divorce filed on June 24, 1996.

This does not end our inquiry. Under Pa.R.A.P. 1701(a), once a notice of appeal is filed, the trial court may no longer proceed further in the matter. In *Mandia, supra,* the trial court dismissed the wife's exceptions to a master's report after she had lodged her appeal on bifurcation. This court held that the trial court was divested of its jurisdiction after wife filed her appeal and lacked the authority to issue the order dismissing wife's exceptions to the master's report. Therefore, we held that the trial court's order concerning the economic claims was invalid, and we quashed the appeal from the order which denied wife's exception to the master report. *Mandia*, 491 A.2d at 179, citing Pa.

R.App.P. 1701, and *Prozzoly v. Prozzoly,* 327 Pa.Super. 326, 475 A.2d 820 (1984).

█ Similarly, in the present case, we conclude that the trial court was divested of its jurisdiction in this matter upon appellant's filing a notice of appeal on July 1, 1996. *See, Commonwealth v. Pearson,* 454 Pa.Super. 313, 685 A.2d 551 (1996) ("Once a notice of appeal is filed, a trial court is divested of jurisdiction to act further on the case."); 42 Pa.C.S.A. § 5505 (a court may modify or rescind any order within 30 days ... if no appeal from such order has been taken or allowed). Once appellant filed her appeal from her decree of divorce, the lower court lacked the authority to issue the subsequent orders on July 2 and August 27, 1996. Consequently, we quash the appeals from the order of equitable distribution and the order directing appellant to comply with the order of distribution.

Decree of Divorce, at No. 549 HBG 1996, is affirmed. Appeals at No. 542 HBG 1996 and No. 744 HBG 1996 are quashed. We remand for proceedings consistent with this opinion. Jurisdiction relinquished.