Jerry LOWERS, Appellee

v.

Mary Jane LOWERS, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 2, 2006.

Filed Nov. 8, 2006.

Victor E. Vouga, Cranberry, for appellant.

Bernard J. Flugher, Cranberry and John J. Morgan, Butler, for appellee.

BEFORE: ORIE MELVIN, LALLY-GREEN and KLEIN, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Mary Jane Lowers (Wife), appeals from the order of the trial court entered October 26, 2005, which denied her petition opposing appointment of a master. Wife claims that Appellee, Jerry Lowers (Husband), waived any economic claims in the parties' divorce proceedings. Upon review, we affirm.

¶ 2 The trial court aptly summarized the facts and procedural history as follows.

The parties were married on May 23, 1990. On or about April 3, 2003, [Husband] commenced the within action by filing a Complaint for Divorce. On June 10, 2004, [Husband] filed an inventory of property. On June 24, 2004, [Wife] served a Request for Production of Documents on [Husband]. On January 19, 2005, [Wife] executed an Affidavit of Consent. On January 24, 2005, [Wife]

filed an Inventory and Appraisement. On January 31, 2005, [Husband] executed an Affidavit of Consent. On January 31, 2005, [Husband] filed a Praecipe to Transmit Record. In Section 4—Related claims pending, [Husband] filled in "[d]istribution of property, counsel fees, costs and expenses.["]. On or about February 2, 2005, pursuant to [Husband's] Motion, [the trial court] issued a final Decree in Divorce[.]

On or about February 17, 2005, [Husband] filed a Motion for Appointment of a Master. On March 1, 2005, [the trial court appointed a] Master to hear claims of distribution of property, counsel fees, costs and expenses.

Trial Court Opinion, 6/23/06, at 1–2. Wife filed a response opposing the appointment of a master on March 8, 2005. The trial court concluded, however, that the parties evidenced an intent to present their economic claims to a master and denied Wife's petition. Wife's petition for reconsideration was denied, and this timely appeal followed.[1]

¶ 3 Wife presents two issues for our review.

1. Did Appellee/Husband fail to preserve his economic claims?

2. Did Appellant/Wife use deception or fraud to induce Husband to waive his economic claims?

Appellant's brief at vi.

■ ¶ 4 Wife's first argument is that Husband's failure to assert any economic claims in his complaint or file a petition to open or vacate the divorce decree precludes any consideration of those issues. She cites to various sections of the Divorce Code as well as *Justice v. Justice,* 417 Pa.Super. 581, 612 A.2d 1354 (1992), *appeal denied,* 533 Pa. 635, 621 A.2d 581 (1993), and *Fenstermaker v. Fenstermaker,* 348 Pa.Super. 237, 502 A.2d 185 (1985), in support of her contentions.

■ ¶ 5 We begin by observing that "[a] major premise of the Divorce Code is to effectuate economic justice between the parties." *Wang v. Feng,* 888 A.2d 882, 892 (Pa.Super.2005)(quoting *Wagoner v. Wagoner,* 538 Pa. 265, 269, 648 A.2d 299, 301 (1994)). Additionally, case law instructs that the equitable purposes which underlie the Divorce Code allow for liberal interpretation of its provisions. *Id.* (citing *Wagoner, supra).* The Divorce Code has long authorized the severance of economic issues from the divorce itself. *See, e.g., Prall v. Prall,* 698 A.2d 1338, 1340 (Pa.Super.1997)(explaining that bifurcation is permitted within the discretion of the trial court based on a thorough review of the record). Significantly, the legislature very recently amended the Divorce Code to allow for bifurcation based merely on consent of both parties. 23 Pa.C.S.A. § 3323(c.1).[2] *See Bonawits v. Bonawits,* 2006 PA Super 238, ¶ 7, 907 A.2d 611 (observing that this subsection statutorily providing for bifurcation with the consent of both parties changed the standard for granting bifurcation).

¶ 6 In the instant matter, Husband filed a praecipe to transmit the record on January 31, 2005 and specifically stated that

---

1. On November 2, 2005, pursuant to Wife's request, the trial court amended its order to include a certification pursuant to 42 Pa. C.S.A. § 702(b) and Pa.R.A.P. 1311(b)(relating to interlocutory orders by permission). Certified Record (C.R.) at 24. This Court granted Wife permission to appeal by order of January 25, 2006. We also observe that both Wife and the trial court have since complied with Pa.R.A.P. 1925.

2. The Divorce Code also makes provision for bifurcation in certain circumstances where consent of both parties is not obtained. 23 Pa.C.S.A. § 3323(c.1)(1) and (2).

there were related claims pending for "distribution of property, counsel fees, costs and expenses." C.R. at 12. The trial court entered a divorce decree on February 2, 2005, which included express language "retain[ing] jurisdiction of any claims raised by the parties to this action for which a final order ha[d] not yet been entered." *Id.* at 13. Within 15 days of entry of the divorce decree on February 17, 2005, Husband moved for the appointment of a master, and the trial court made the appointment on March 1, 2005. *Id.* at 16.[3]

¶ 7 Husband's complaint in divorce is a two-page preprinted form, one of which is the notice to defend. *Id.* at 1. Although the complaint itself did not specifically claim economic issues, the record reveals that both Husband and Wife filed an Inventory and Appraisement and engaged in discovery after the complaint in divorce was filed and served. *Id.* at 3–6. Correspondence between counsel indicates that the parties were actively negotiating a settlement of all economic issues prior to the entry of the divorce decree. *Id.* at 19. In fact, counsel and the parties apparently discussed appointment of a master should they not be able to amicably resolve the matter. *Id.*

¶ 8 Wife argues that despite the foregoing, Husband did not preserve any economic issues. However, we find that the cases on which she relies to support this contention are distinguishable from the case at bar. In Fenstermaker, supra, the parties obtained a divorce decree in February 1981. More than two years later, in July 1983, the wife filed a petition to amend the decree in order to resolve economic issues. The trial court granted her request, treating her request as a petition to open. The record showed that the parties had engaged in negotiations to resolve marital property issues before the decree was entered yet no agreement had ever been reached. After the trial court ultimately resolved the economic claims, the husband appealed. This Court recognized the equitable authority of trial courts over divorced persons in order to achieve economic justice between the parties. 502 A.2d at 187. However, we also observed that there is a time limitation on the trial court's authority to open or vacate a divorce decree. 23 Pa.C.S.A. § 602 (repealed; see now 23 Pa.C.S.A. § 3332). Because the wife had not sought relief within 30 days of entry of the divorce decree and because the wife's attack on the decree asserted extrinsic fraud, we affirmed but modified the trial court's order to grant a petition to vacate rather than open. We further found that since no order of bifurcation had been entered, and, since the goals of bifurcation could not have been met two years after the divorce decree, the trial court properly exercised its powers to effectuate economic justice.

¶ 9 The case at bar differs from *Fenstermaker* in two important respects. First, certain of the goals of bifurcation may still be met at this juncture, including "speedy resolution of the divorce issue ... and encouragement of settlement of property issues." 501 A.2d at 251. Additionally, the trial court's order which is the subject

---

**3.** Husband's motion for appointment of a master does not contain a certificate of service. However, the trial court issued notice on March 4, 2005 that Husband's motion would be heard on March 8, 2005. C.R. at 15. The trial court's March 1, 2005 order appointing the master, together with notice thereof, was not filed until March 7, 2005.

*Id.* at 16. In any event, Wife clearly had notice of Husband's motion to appoint the master by February 28, 2005 when she sent a copy of her opposition to Husband's counsel. *Id.* at 18. Our review finds that Wife acted promptly on Husband's request for the appointment of a master.

of the appeal was entered within 30 days of entry of the divorce decree at a time when the court retained the power to modify or open the decree. 23 Pa.C.S.A. § 3332; 42 Pa.C.S.A. § 5505; *see also Melton v. Melton,* 831 A.2d 646, 651 (Pa.Super.2003) (observing that during the 30–day period following entry of a divorce decree, "the court holds wide discretion to modify or rescind its decree.").

¶ 10 The *Justice* case is also inapposite. There, the husband filed a complaint in divorce in March 1990 which did not assert economic claims. The wife failed to respond to the complaint, and a decree was entered in May 1990. The wife immediately sought to vacate the decree, which the trial court eventually granted but outside of the 30–day period permitted for modification pursuant to 42 Pa.C.S.A. § 5505. After appeal by the husband to this Court, wherein we found the trial court lacked the authority to act beyond the 30–day period, the trial court accordingly rescinded its order vacating the divorce decree. After the decree was reinstated, the wife appealed, claiming that economic justice required consideration of economic issues. The wife conceded that the reason she did not make any such claims was inadvertence of her counsel. As in *Fenstermaker,* we observed in *Justice* the general power of the trial court to effectuate a fair and just determination of property rights but explained that extrinsic fraud must be established in order for the court to act beyond 30 days. Since the wife did not even suggest any wrongful conduct on the part of the husband, there was no basis for a finding of fraud which would permit the court to vacate the divorce decree. 612 A.2d at 1360. We therefore affirmed.

■ ¶ 11 Instantly, since the trial court acted within 30 days of entry of the parties' divorce decree, *Justice* is easily distin-guishable. The trial court here plainly had the authority pursuant to Section 3332 of the Divorce Code and Section 5505 of the Judicial Code to make modification to the decree on March 1, 2005. As such, we need not examine Wife's second argument that Husband was required to show extrinsic fraud or deception on the part of Wife.

¶ 12 That leaves for our consideration the proper disposition to be made of this appeal in light of the procedural irregularities presented. Here, since there was no formal order for bifurcation, *Fenstermaker* suggests that the trial court could not have proceeded as though there had been. However, to so hold, we would need to conclude that the trial court erred in its March 1, 2005 order appointing a master, which is not the order on appeal. Moreover, as a practical matter, if we were to treat these proceedings as an appeal from an order granting a petition to open the divorce decree, the parties would find themselves no longer divorced nearly two years after the decree was entered and despite no effort on the part of either Husband or Wife to take affirmative steps to open, strike, or amend the decree.

■ ¶ 13 We conclude that since the March 1, 2005 order was well within the 30–day time limitations of Section 3332 of the Divorce Code (relating to requests to open a divorce decree) and Section 5505 of the Judicial Code, the order on appeal which finalized that March 1, 2005 appointment was entered in accordance with the trial court's equitable powers to achieve economic justice. *Cf. Melton, supra,* at 651–52 (finding the wife waived any alimony claims because she did not raise the issue until four months after the divorce decree was entered). We also find that the trial court and the parties proceeded pursuant to and in furtherance of the parties' *de facto* agreement to bifurcate the divorce from the pending economic claims.

The appointment of the master was clearly in line with the parties' intentions given their inability to resolve the matter. As such, there is no basis for reversal of the trial court's order.

¶ 14 In summary, we find that Husband did not waive his economic claims in this case since the parties were clearly negotiating the terms of a property settlement throughout the divorce proceedings. The trial court had the authority on March 1, 2005 to make modification to the parties' divorce decree in order to effectuate economic justice between the parties. Accordingly, the trial court's order finalizing its March 1, 2005 appointment of a master to resolve all economic claims must be affirmed.

¶ 15 Order affirmed.