J-A12041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRINGKOP ARIYAMITR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SANIYA ARIYAMITR, | |
| Appellant | No. 2639 EDA 2015 |

Appeal from the Order July 28, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2012-04861

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED AUGUST 10, 2016**

Saniya Ariyamitr ("Appellant") seeks review of the orders entered in the Court of Common Pleas of Montgomery County, which denied both her petition to vacate/rescind the divorce decree ending her marriage with Bringkop Ariyamitr ("Appellee") and her subsequent motion for reconsideration.  We affirm.

The trial court summarizes pertinent case history as follows:

> On May 6, 2015, a divorce decree was entered in this matter which divorced Plaintiff/Appellant Saniya Ariyamitr ["Appellant"] and Defendant/Appellee Bringkop Ariyamitr. ["Appellee"] from the bonds of matrimony.  The May 6, 2015 divorce decree granted no further relief, as requested by Appellee in the April 29, 2015 Praecipe to Transmit Record.[1]

> ---
> [1]  Plaintiff/Wife began this matter by filing a Complaint for Custody on February 27, 2012. However, Defendant/Husband filed the Divorce Complaint on June 25, 2014 listing himself as

---

*Former Justice specially assigned to the Superior Court.

> Plaintiff. Because he is listed as Defendant on docket 2012-04861 the court shall refer to him in this opinion as Defendant, although he is Plaintiff/Complainant for purposes of the divorce complaint.

On June 3, 2015, [28 days after the entry of the divorce decree] Appellant filed a Petition to Vacate/Rescind Divorce Decree. On June 10, 2015, the court scheduled argument on Appellant's petition to occur on July 16, 2015. On July 16, 2015, Appellant was represented by Jerry Schuchman, Esquire and Appellee was represented by Michael P. Gottlieb, Esquire. Appellant's counsel stated that Appellant did not "understand" "papers that were served on her…when she was under prescribed medication for pain as a result of a trauma incurred in a work[-]related injury." N.T. July 16, 2015, at 3. Appellant's counsel stated a "doctor had prescribed pain medication…his report is attached to…the brief and reply that indicates that she did not have the relevant mindset to understand what was happening due to the medication." N.T. at 3. Appellant's counsel argued that Appellant suffered from "temporary diminished capacity." N.T. at 3. Appellant did not present any medical or psychological evidence, nor did Appellant testify.

On July 28, 2015, the court issued an order denying Appellant's June 3, 2015 petition. On August 7, 2015, Appellant filed a Petition for Reconsideration of Order. On August 18, 2015, the Court denied the Motion for Reconsideration. On August 26, 2015, Appellant filed a Notice of Appeal to the Superior Court of Pennsylvania of the July 28, 2015 Order. On August 31, 2015, the trial court ordered Appellant to file her Concise Statement of Errors Complained of on Appeal within twenty one days of the date of the order. On September 16, 2015, Appellant filed a "Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925" [which raised nine separate issues].

Trial Court Opinion, filed November 6, 2015, at 1-2.

Appellant presents the following two questions for our review:

**A. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING WIFE'S PETITION FOR RECONSIDERATION WHICH REQUESTED THAT TESTIMONY OF HER AND HER**

**PHYSICIAN BE TAKEN ON THE ISSUES OF SEPARATION AND TEMPORARY DIMINISHED CAPACITY[?]**

**B. WHETHER THE COURT ADMINISTRATION FAILED TO ESTABLISH SAFEGUARDS, ACCESSIBILITY AND ACCOMMODATION STANDARDS WITHIN THE RULES OF CIVIL PROCEDURE, WHERE THE PRO SE SPOUSE WITH POTENTIAL TEMPORARY MENTAL IMPAIRMENT AND LANGUAGE BARRIER, WHILE RECEIVING APL AND CONDITIONED TO RECEIVE EARLIER NOTICES TO APPEAR IN COURT, ACTUALLY RECEIVED NO NOTICE TO APPEAR AT A FINAL HEARING IN DIVORCE, IS A VIOLATION OF DUE PROCESS AND THE AMERICANS WITH DISABILITIES ACT AS AMENDED[?]**

Appellant's brief at 4.

Initially, we consider whether the order from which Appellant appeals is a final order or immediately appealable. Generally, only final orders are appealable. *See* Pa.R.A.P. 341(b)(1) (a final order is any order that disposes of all claims and of all parties); *Fried v. Fried*, 501 A.2d 211 (Pa. 1985) (issues in divorce are reviewable after entry of divorce decree and resolution of all economic issues). However, a bifurcated divorce decree is immediately appealable. *See Curran v. Curran*, 667 A.2d 1155 (Pa. Super. 1995).

Here, Appellee filed his complaint seeking a No Fault Divorce under Section 3301(D) of the Divorce Code on June 25, 2014. In his complaint, Appellee sought no economic relief, a position reiterated in his subsequent Praecipe to Transmit Record of April 29, 2015, in which he indicated that no related claims were pending and that he sought a "decree in divorce with no other relief granted." Nor is there any indication in the record that either

party sought equitable distribution of the marital estate or that any ongoing economic negotiations existed between the parties at the time. Accordingly, because the court entered a divorce decree with no accompanying order of bifurcation, and we otherwise discern no outstanding economic issues or negotiations that were before the court at the time of its decree, we deem the Order of July 28, 2015, a final order subject to our review.

In addressing Appellant's first issue, we note that this Court has previously declared:

> We begin by observing that "[a] major premise of the Divorce Code is to effectuate economic justice between the parties." *Wang v. Feng*, 888 A.2d 882, 892 (Pa.Super. 2005) (quoting *Wagoner v. Wagoner*, 538 Pa. 265, 269, 648 A.2d 299, 301 (1994)). Additionally, case law instructs that the equitable purposes which underlie the Divorce Code allow for liberal interpretation of its provisions. *Id.* (citing *Wagoner, supra).* The Divorce Code has long authorized the severance of economic issues from the divorce itself. *See*, *e.g.*, *Prall v. Prall*, 698 A.2d 1338, 1340 (Pa.Super. 1997)(explaining that bifurcation is permitted within the discretion of the trial court based on a thorough review of the record). Significantly, the legislature very recently amended the Divorce Code to allow for bifurcation based merely on consent of both parties. 23 Pa.C.S.A. § 3323(c.1).[2] *See Bonawits v. Bonawits*, 2006 PA Super 238, ¶ 7, 907 A.2d 611 (observing that this subsection statutorily providing for bifurcation with the consent of both parties changed the standard for granting bifurcation).

*Lowers v. Lowers*, 911 A.2d 553, 555 (Pa.Super. 2006). However, we also observed in *Lowers* that there is a 30-day time limitation on the trial court's authority to open or vacate a divorce decree. 23 Pa.C.S.A. § 602 (repealed; *see now* 23 Pa.C.S.A. § 3332). *Id.* at 556.

Appellant first contends the court erred in denying her June 2, 2015, petition to vacate/rescind, and her subsequent motion for reconsideration, in which she requested the opportunity to provide the testimonies of both herself and her physician as to her diminished capacity to comprehend Appellee's Praecipe to Transmit due to the effects of her prescribed medications. As a consequence of the decree, she claims, her Alimony *Pendente Lite* has been terminated and she will be effectively "relegated to living a sub-standard existence." For its part, the trial court notes that Appellant failed to make this argument at the July 16, 2015 hearing on the petition, and she elected, through counsel, not to testify at the hearing. N.T. 7/16/15 at 2.

Consistent with our discussion of precedent in **Lowers**, we conclude there was no basis for the court to vacate/rescind the order after the expiration of the 30-day period. In **Lowers**, we held that since the trial court acted within 30 days of entry of the parties' divorce decree, the court had the authority to modify the decree, by appointing a master, in order to effectuate economic justice between the parties. In so doing, we rejected the wife/appellant's reliance on inapposite jurisprudence discussing instances where the court acted outside Section 3332's 30-day time period.

> Wife's first argument is that Husband's failure to assert any economic claims in his complaint or file a petition to open or vacate the divorce decree precludes any consideration of those issues. She cites to various sections of the Divorce Code as well as **Justice v. Justice**, 417 Pa.Super. 581, 612 A.2d 1354 (1992), **appeal denied**, 533 Pa. 635, 621 A.2d 581 (1993)….

- 5 -

> \*\*\*
>
> The ***Justice*** case is also inapposite.  There, the husband filed a complaint in divorce in March 1990 which did not assert economic claims.  The wife failed to respond to the complaint, and a decree was entered in May 1990.  The wife immediately sought to vacate the decree, which the trial court eventually granted but outside of the 30-day period permitted for modification pursuant to 42 Pa.C.S.A. § 5505.  After appeal by the husband to this Court, wherein we found the trial court lacked the authority to act beyond the 30-day period, the trial court accordingly rescinded its order vacating the divorce decree.  After the decree was reinstated, the wife appealed, claiming that economic justice required consideration of economic issues.  The wife conceded that the reason she did not make any such claims was inadvertence of her counsel.  As in ***Fenstermaker [v. Fenstermaker***, 348 Pa.Super. 237, 502 A.2d 185 (1985)] we observed in ***Justice*** the general power of the trial court to effectuate a fair and just determination of property rights but explained that extrinsic fraud must be established in order for the court to act beyond 30 days.  Since the wife did not even suggest any wrongful conduct on the part of the husband, there was no basis for a finding of fraud which would permit the court to vacate the divorce decree.  612 A.2d at 1360.  We therefore affirmed.

***Lowers***, 911 A.2d at 555, 557.

Even where the appellant in ***Justice*** immediately sought to vacate the decree for consideration of newly raised economic issues, the analysis still turned on whether the court acted within the 30-day period.  Here, Appellant waited until Day 28 to file her petition to vacate, which, under the circumstances, pushed the hearing date on the petition to beyond the 30-day period and left the court with no authority to vacate without a showing of extrinsic fraud.  As we agree with the lower court, moreover, that Appellant failed to establish extrinsic fraud in advancing her petition, we reject Appellant's first issue as meritless.

In her remaining issue, Appellant contends that the court violated the Americans with Disabilities Act through its policies governing receipt of notices and scheduling of hearings. This claim, however, was raised in neither Appellant's petition to vacate/rescind the divorce decree nor her motion for reconsideration. As such, Appellant's attempt to raise this issue for the first time on appeal results in waiver, as Appellant has not preserved the issue for our review. *See Commonwealth v. Oliver*, 128 A.3d 1275, 1284 (Pa.Super. 2015) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal) (citing Pa.R.A.P. 302(a)); Pa.R.A.P.1925(b)(4)(vii).

Order is AFFIRMED.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2016