J-S71032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANN S. BORIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VAMSIDHAR VURIMINDI | : | |
| | : | |
| Appellant | : | No. 859 EDA 2019 |

Appeal from the Order Entered February 26, 2019
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  No. D10088575

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED APRIL 7, 2020**

Vamsidhar Vurimindi ("Husband") appeals from an equitable distribution order. At the time the trial court entered the order, this Court had not yet remanded the certified record following Husband's appeal of a bifurcated divorce order. The trial court therefore lacked jurisdiction to enter the equitable distribution order, and we quash this appeal as premature.

Husband and Ann. S. Boris ("Wife") were marred in October 2005. In March 2010 the parties separated, and Wife filed a complaint in divorce in August 2010. This complaint was reinstated, with the final reinstatement occurring in June 2012. In December 2016, the trial court filed an order entering a divorce decree, finding the parties both had "sufficient economic protection pending disposition of the economic matters," retaining jurisdiction to determine equitable matters, and allowing Wife to maintain possession of the marital home.

Husband filed a timely appeal from the bifurcated divorce decree. On May 30, 2018, this Court affirmed. Husband filed a petition for re-argument, which we denied. Husband then filed a petition for allowance of appeal to the Pennsylvania Supreme Court. On February 6, 2019, the Pennsylvania Supreme Court denied Husband's petition. We remanded the record to the trial court on March 1, 2019.

On December 19, 2018, the trial court entered an equitable distribution order.[1] On January 15, 2019, the trial court amended this order "for clarification purposes and instructions to the county of Philadelphia's Office of Judicial Records and the Recorder of Deeds" regarding one of the parties' properties. Order, Jan. 15, 2019.[2] On February 26, 2020, the court again amended the order "for clarification purposes and instructions to the County of Philadelphia's Office of Judicial Records and the Recorder of Deeds" regarding one of the properties. Order, Feb. 26, 2019. Husband filed a Notice of Appeal from the February order.

Husband raises the following issues:

> 1. Whether February 26, 2019 Amended Order for Equitable Distribution in Divorce is Null and Void, because [Husband] filed Notice of Appeal from December 16, 2016 bifurcated divorce decree and Trial Court is divested its jurisdiction. And this Court must remand and direct Trial Court to transfer complete Trial Court record and File

---

[1] Husband filed an appeal of this order, which we dismissed for failure to pay the filing fees. Order, filed Feb. 21, 2019.

[2] Husband also filed an appeal of this order, which we again dismissed for failure to pay the filing fees.

Pa.R.A.P.1925(a) opinion corresponding to issues raised in Pa.R.A.P.1925(b) statement of errors?

2. Whether Judge Diane Thompson's bias and refusal to recuse deprived [Husband] right to impartial tribunal and manifested inequitable distribution in divorce and denying [Husband's] Petition to Proceed In Forma Pauperis?

3. Whether Trial Court's whole scheme of equitable distribution in divorce under the circumstances is inequitable?

4. Whether Trial Court made an error by preventing [Husband] from discovering marital assets by denying motions, quashing subpoenas and sealing business records?

5. Whether Trial Court made an error in refusing to appoint trustee in receivership to protect marital assets in failing business and precluding Appellant from asserting cross-claims against Mary Schaheen et al and awarding attorney fees for Pro Se Patrick Keenan?

6. Whether Trial Court made an error in precluding [Husband] from living in his real-estate properties by granting exclusive possession to [Wife]?

7. Whether Trial Court made an error in precluding [Husband] from asserting counter claim against [Wife] for spoliation of [Husband's] personal property and exculpatory evidence in *Commonwealth vs. Vurimindi*, No: CP-51-CR-0008022-2012, Court of Common Peas, Philadelphia?

Husband's Br. at 2-3.

Before we can reach the merits of Husband's claims, we must determine whether the appeal is timely.

Pennsylvania Rule of Appellate Procedure 1701(a) provides that, after an appeal is taken, a trial court "may no longer proceed further in the matter," unless the court's actions fall within an exception to the rule. This court has held that an appeal of a bifurcated divorce decree divests the trial court of

jurisdiction and the trial court lacks the authority to enter an order concerning economic claims. **Mandia v. Mandia**, 491 A.2d 177, 179 (Pa.Super. 1985); **see also Prall v. Prall**, 698 A.2d 1338, 1340 (Pa.Super. 1997).

Further, Rule 2591 provides that the trial court regains its jurisdiction after remand of the record. It states: "[o]n remand of the record the court . . . below shall proceed in accordance with the judgment or other order of the appellate court and . . . Rule 1701(a) . . . shall no longer be applicable to the matter." Pa.R.A.P. 2591(a); **see also Stanton v. Lackawanna Energy, Ltd.**, 915 A.2d 668, 672 (Pa.Super. 2007). Moreover, where an appellant filed a petition for allowance of appeal, "remand is stayed until disposition of . . . the petition for allowance of appeal." Pa.R.A.P. 2572(b); **see also Stanton**, 915 A.2d at 672 (trial court lacked jurisdiction until the record was remanded).

Here, the trial court appears to have believed that the case was remanded following this Court's May 30, 2018 memorandum affirming the divorce order. **See, e.g.,** Trial Court Opinion, filed Aug. 5, 2019, at 1. However, Husband filed a petition for allowance of appeal, which the Pennsylvania Supreme Court did not dispose of until February 6, 2019. Further, we did not remand the record to the trial court until March 1, 2019. Accordingly, the trial court lacked jurisdiction to enter the equitable distribution orders. Because the court lacked jurisdiction, no final order has been entered, and this instant appeal is premature.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/7/2020</u>