J-S03034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PENNSYLVANIA S.P.C.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARY HEYBOER, DECEASED | : | |
| | : | |
| | : | No. 2573 EDA 2021 |
| APPEAL OF: ESTATE OF MARY | : | |
| OLINDE HEYBOER | : | |

Appeal from the Order Entered November 12, 2021
In the Court of Common Pleas of Monroe County
Civil Division at No(s):  008554-CV-2019

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JULY 10, 2023**

The Estate of Mary Olinde Heyboer (the "Estate") appeals from the order granting the petition filed by the Pennsylvania S.P.C.A. ("the SPCA") for the costs of care for animals removed from the home of Mary Heyboer, deceased ("decedent").  Additionally, the SPCA has filed a motion to dismiss the appeal. We dismiss the appeal *sua sponte* and deny the SPCA's motion as moot.

The factual and procedural history of this matter is somewhat complex. In 2019, upon execution of a search warrant, the SPCA removed three Great Danes from decedent's home due to unsanitary living conditions.  The SPCA cared for the dogs and treated them for various medical conditions. Additionally, one of the dogs was pregnant and subsequently gave birth to seven puppies, one of which died, and two others of which were humanely euthanized due to serious medical complications.  The four remaining puppies

were cared for by the SPCA and vaccinated, dewormed, and provided with flea protection.

The Commonwealth issued citations charging decedent with six counts of the summary criminal offense of neglect of animals under 18 Pa.C.S.A. § 5532(a)(1) and (3)[1] for denying the dogs necessary veterinary care and for neglect of animals. Additionally, the SPCA initiated a separate civil action by filing a petition under the Costs of Care of Seized Animals Act, 18 P.S. § 30.1 *et seq.*, to recover reasonable costs expended to care for animals seized due to neglect under section 5532.

The criminal actions proceeded to a consolidated hearing on February 25, 2020, at which the magisterial district court found decedent guilty of three counts of the summary criminal offense of neglect of animals under section 5532(a)(1), and imposed judgments of sentence for those convictions. The three criminal charges under section 5532(a)(3) were dismissed. Decedent separately appealed the criminal convictions to the court of common pleas.

On November 23, 2020, prior to the trial *de novo* on the summary criminal appeals, decedent died. The Commonwealth filed a motion to dismiss the summary appeals and requested that the judgments of sentence imposed

---

[1] Section 5532 provides, in relevant part, that "[a] person commits an offense if the person fails to provide for the basic needs of each animal to which the person has a duty of care, whether belonging to himself or otherwise, including any of the following: (1) Necessary sustenance and potable water. . . . (3) Necessary veterinary care." 18 Pa.C.S.A. § 5532(a)(1), (3).

by the magisterial district court be entered. In response, the Estate filed a motion to abate the criminal charges due to decedent's death. The trial court conducted a hearing in April 2021, and thereafter took the matter under advisement. On June 11, 2021, based on decedent's death and inability to proceed with her summary criminal appeals, the trial court entered the judgments of sentence imposed by the magisterial district court, consisting of restitution in the amount of $11,164.32 as well as fines and costs on all three criminal dockets. The Estate filed timely notices of appeal to this Court from the judgments of sentence.

While the criminal appeals to this Court were pending, the trial court in the civil action addressed the SPCA's petition for the reasonable costs of care of the dogs by conducting evidentiary hearings in August 2021. On November 12, 2021, the trial court entered an opinion and order granting the SPCA's petition and entering a civil judgment against the Estate in the amount of $16,109.76, plus court costs. The order further stated that "[s]hould the Superior Court find that [decedent] was not guilty of the underlying criminal citations, any costs paid by [the Estate] shall be reimbursed by the [SPCA]." Trial Court Opinion, 11/12/21, at 1. The Estate filed a timely notice of appeal on December 2, 2021. On that same date, the SPCA filed a motion to modify the November 12, 2021 order. On December 6, 2021, the trial court entered an order amending the November 12, 2021 order and providing a schedule for the monthly payments to be made by the Estate for the continued cost

and care of the dogs following payment of the judgments, pursuant to 18 P.S. § 30.5(e)(2) (stating that a costs order shall include a schedule of payments for costs of care beginning 30 days after the initial payment and shall continue until termination of the costs order).[2] The trial court then ordered the Estate to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The Estate complied with that order and filed a Rule 1925(b) statement raising thirty-seven issues. In response, the trial court declined to author a Rule 1925(a) opinion, and instead directed this Court to its November 12, 2021 opinion. **See** Statement Pursuant to Pa.R.A.P. 1925(a), 3/30/22, at 1.

In July 2022, this Court vacated the judgments of sentence and remanded the criminal matters to the trial court for the criminal charges against decedent to be abated. **See Commonwealth v. Heyboer**, 280 A.3d 331 (Pa. Super. 2022). Upon remand, the trial court abated the criminal charges and waived all costs and fees.

_____

[2] We observe that, upon the filing of the notice of appeal on December 2, 2021, the trial court was divested of jurisdiction to modify the November 12, 2021 order. **See Prall v. Prall**, 698 A.2d 1338, 1341 (Pa. Super. 1997) (holding that once a notice of appeal is filed, a trial court is divested of jurisdiction to act further on the case); **see also** Pa.R.A.P. 1701(a) (providing that once a notice of appeal is filed, the trial court may no longer proceed further in the matter); 42 Pa.C.S.A. § 5505 (providing that "a court . . . may modify . . . any order within 30 days . . . if no appeal from such order has been taken or allowed).

Initially, we must determine whether the instant appeal is justiciable in light of this Court's decision in **Heyboer**. We have described the mootness doctrine as follows:

> [C]ases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that an actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed.

**Pub. Def.'s Office of Venango Cnty. v. Venango Cnty. Court of Common Pleas**, 893 A.2d 1275, 1279 (Pa. 2006) (*quoting* **Pap's A.M. v. City of Erie**, 812 A.2d 591, 599-600 (Pa. 2002)). "Where the issues in a case are moot, any opinion issued would be merely advisory and, therefore, inappropriate." **Stuckley v. Zoning Hearing Bd. of Newtown Twp.**, 79 A.3d 510, 516 (Pa. 2013). "An issue before a court is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." **Printed Image of York, Inc. v. Mifflin Press, Ltd.**, 133 A.3d 55, 59 (Pa. Super. 2016) (citation and internal quotation marks omitted).

Pursuant to its November 12, 2021 order, the trial court specifically and implicitly contemplated that, in the event this Court vacated the judgments of sentence, no further costs for care of the dogs would be owed by the Estate, and that any amounts already paid to the SPCA for the care of the dogs would be reimbursed to the Estate. Given that this Court vacated the judgments of sentence in **Heyboer** and all criminal charges against decedent have now

been abated, the present appeal—which solely concerns the aspect of the November 12, 2021 order entering judgment against the Estate in the amount of $16,109.76, plus court costs—is rendered moot. Stated differently, because the Estate is no longer required to pay any portion of the civil judgment award for costs for care to the SPCA, there is no need to determine the propriety or enforceability of that judgment. Accordingly, the absence of a live controversy between the parties material to the civil judgment militates strongly against further review by this Court. **See Bottomer v. Progressive Cas. Ins. Co.**, 859 A.2d 1282, 1285 (Pa. 2004).[3] Accordingly, we *sua sponte* dismiss the appeal as moot in light of this Court's ruling in **Heyboer**, 280 A.3d at 337.[4]

---

[3] We recognize that, if the issues raised by an appeal are substantial questions or questions of public importance and are capable of repetition yet likely to evade appellate review, then we will reach the merits of the appeal despite its technical mootness. **See In re Estate of Border**, 68 A.3d 946, 954 (Pa. Super. 2013). However, we conclude that the Estate's issues are not likely to be repeated and, if repeated, not likely to evade appellate review.

[4] The SPCA sought dismissal of the appeal on the basis that, during the pendency of this appeal, it had secured the written voluntary surrender of ownership interest in the dogs from the sole remaining owner, thereby statutorily terminating the November 12, 2021 order for costs of care. **See** 18 P.S. § 30.7(a)(2). In support of its motion, the SPCA attached an ownership surrender form purportedly signed by decedent's son, Jason Summers, on October 6, 2022. **See** Motion, 10/19/22, at Exhibit B. As the ownership surrender form was purportedly signed almost one year after the Estate initiated this appeal, the form was not included in the certified record transmitted to this Court by the trial court. We emphasize that this Court cannot consider evidence which has not been made a part of the certified record. **See Bennyhoff v. Pappert**, 790 A.2d 313, 319 (Pa. Super. 2001);
*(Footnote Continued Next Page)*

Consistent with this memorandum, and the November 12, 2021 order, upon remittal of this matter, the trial court may *sua sponte* or the Estate may petition the trial court to vacate the outstanding civil judgment.

Appeal dismissed.  Motion denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2023

---

*see also **Frank v. Frank***, 587 A.2d 340, 343 n.5 (Pa. Super. 1991) (holding that, "[f]or purposes of appellate review, what is not of record does not exist"). Accordingly, as the ownership surrender form purportedly signed by Summers, on October 6, 2022, is not included in the certified record, it does not exist for purposes of our appellate review.  Thus, the motion would have been denied regardless of our decision herein.